(37 Misc. Rep. 610.)

### BERNSTEIN v. SCHOENFELD.

(Supreme Court, Special Term, New York County. April, 1902.)

1. ACTION IN MUNICIPAL COURT—FICTITIOUS NAME OF DEFENDANT—DOCKETING JUDGMENT.

Under Code Civ. Proc. § 2884, authorizing designation of defendant in a summons in an action in a municipal court by a fictitious name where his name is unknown, but requiring the justice to amend the proceeding when the name becomes known by inserting the true name, where a judgment is recovered in such court against "Mrs. Dr. Annie Maurer, the first name fictitious, real name unknown to plaintiff," it cannot be docketed by the county clerk of the county of New York without inserting the true name, which was established on the trial, in the record.

2. SAME—LIEN.

Where a judgment recovered against a person by a fictitious name is docketed in such name, though at the trial the true name is shown, a person who, without knowledge of the judgment, purchases the premises of defendant by her true name, after the judgment was docketed, may sue the plaintiff in such judgment to have it declared no lien on the premises, and to enjoin a sale on execution.

Action by Harris Bernstein against Morris Schoenfeld. Judgment for plaintiff.

Parsons, Shepard & Ogden (Edward M. Shepard and W. H. Harkness, of counsel), for plaintiff.

Isidor Cohn (W. Bennett Marx, of counsel), for defendant.

BLANCHARD, J.   On the 15th day of April, 1901, the defendant, Morris Schoenfeld, recovered a judgment in the municipal court of the city of New York, borough of Manhattan, Fifth district, against "Mrs. Dr. Annie Maurer, the first name fictitious, real name unknown to plaintiff." The defendant was so designated in the summons, which was personally served upon her at her residence, No. 118 Chrystie street, in said borough of Manhattan. On the return day the defendant appeared by attorney, and interposed an answer. Upon the day appointed for the trial the defendant failed to appear, and thereupon an inquest was taken by the plaintiff, and judgment taken against said defendant by the fictitious name set forth in the summons for the sum of $250.75. A transcript of the said judgment in the municipal court was filed in the office of the county clerk of New York county on the same day, April 15, 1901, and the said judgment therein docketed in favor of the plaintiff, Morris Schoenfeld (the defendant in this action), against "Mrs. Dr. Annie Maurer, first name fictitious," etc. It appears from the proof in this action that the real name of the said Maurer was Aurora Maurer; that at the time said judgment was docketed she was the owner of the said premises, where she resided and had her place of business, and where she was served with the summons in said action in the municipal court; that on the 18th day of April, 1901, she conveyed the said premises by her true name, Aurora Maurer, to Harris Bernstein, the plaintiff in this action. This action is brought by the said grantee, Bernstein, to secure a judgment of this court adjudging that the docket of said judgment did not create a lien upon the said premises in favor of the defendant herein, and enjoining the defendant from proceeding to collect the amount of said judgment by a sale of the said premises under execution. The question to be determined is whether a judgment docketed against a defendant by fictitious first or Christian name, accompanied by a statement that the real first or Christian name is unknown to the plaintiff, is such a compliance with the provisions of the Code of Civil Procedure as will render said judgment a lien upon the real estate of the defendant so designated by a fictitious name after it passes into the possession of a purchaser having no actual notice that said judgment was intended to be against the party conveying the property. The docketing of the judgment is especially for the purpose of giving notice of the lien to third parties dealing with the land of the judgment debtor. The docketing creates the lien (Whitney v. Townsend, 67 N. Y. 43), and if the judgment is not legally docketed it must be held to be void as a lien. The Code of Civil Procedure (section 2884) authorizes the designation of a defendant in a summons by a fictitious name in an action in a municipal court where the plaintiff is ignorant of his true name, and provides:

"The person so designated must thereupon be regarded as a defendant in the action, and as sufficiently described therein for all purposes. When his name, or the remainder of his name, becomes known, the justice, before whom the action is pending, must amend the proceedings already taken, by

the insertion of the true or full name, in place of the fictitious name, or part of a name; and all subsequent proceedings must be taken under the name so inserted."

This provision of the Code clearly requires that the true name of the defendant shall be ascertained and inserted in the proceedings by amendment during the pendency of the action; that is, at or before the time of the entry of the final judgment. The amendment must be made by the justice before whom the action is pending, and this provision of the statute clearly cannot be construed so as to give the justice the right to make such an amendment after judgment has been entered; for the entry of the judgment is the final step in the action, and completes it. People v. County Judge of Rensselaer, 13 How. Prac. 398; Same v. Colborne, 20 How. Prac. 380; Wetmore v. Holsman, 14 Abb. Prac. 311; Willey v. Shaver, 1 Thomp. & C. 327. The section of the Code above cited plainly states that the designation of the defendant by the fictitious name shall be sufficient for all purposes in the action, and clearly limits this sufficiency of the fictitious designation to the proceedings in the action itself. Sections 3017 and 1246 of the Code of Civil Procedure set forth the manner in which a judgment of a municipal court must be docketed in the county clerk's office in order that it may become a lien on the judgment debtor's real estate. Section 1246 directs that the county clerk shall, when docketing a judgment, enter "the name at length of the judgment debtor." There is no provision made for docketing a judgment against a party by a fictitious name. It is not a "proceeding in the action"; and, while the clerk is doubtless obliged to enter the name of the judgment debtor as he finds it in the judgment roll or transcript thereof furnished to him, yet it is the duty of those in whose favor the judgment is rendered, and who are seeking to secure the lien created by the docket, to see that all the preliminary requirements of the law have been complied with, so that the judgment may state the full name of the defendant. A party examining the record of judgments should not be expected to travel outside the record of the judgment to ascertain whether or not a judgment against a party designated by a fictitious name is really intended to be against the party against whom he is making his search. Section 2884 of the Code evidently makes it the duty of the plaintiff to ascertain the true name of the defendant while the action is pending before the justice, and this responsibility cannot be properly shifted upon a stranger examining the judgment record after the judgment has been docketed against the defendant by a fictitious name. The defendant, Maurer, appeared in the action and interposed an answer. The plaintiff at that time should have secured an amendment of all the proceedings in the action by the insertion therein of the true and full name of the defendant in place of the fictitious name. McCabe v. Doe, 2 E. D. Smith, 69; Gardner v. Kraft, 52 How. Prac. 499, 501. I am not satisfied from the evidence that the plaintiff in this action had any actual knowledge that this judgment at the time he took title to the premises in question was intended to be against the grantor, Aurora Maurer; and being of the opinion that the judgment was not dock-eted in the manner required by law to create a lien upon the said

premises, I think that judgment should be entered in favor of the plaintiff.

Judgment for plaintiff.