H. R. & C. Company, Inc., et al., Appellants, *v.* Eleanor M. Smith et al., as Administrators of the Estate of George D. Smith, Deceased, Respondents, Impleaded with Another.

Judgment — names —" Bess " identical with " Elizabeth " — judgment docketed against " Bess Hedges " a lien upon property of " Mary Elizabeth Hedges " where it is found upon sufficient evidence that she had elected to drop the name of " Mary " and use that of " Elizabeth."

By immemorial usage the name " Bess " is recognized as identical with " Elizabeth." A judgment, therefore, docketed against " Bess Hedges " constitutes a lien upon property of " Mary Elizabeth Hedges " where there is evidence sufficient to support a finding that she did and was known to do business as " Elizabeth " and as " Bess Hedges " and desired and elected to drop the name of " Mary " and to retain and use the name of " Elizabeth " only.

*H. R. & C. Co.* v. *Smith*, 212 App. Div. 173, affirmed.

(Argued March 2, 1926; decided March 30, 1926.)

Appeal from a judgment, entered March 23, 1925, upon an order of the Appellate Division of the Supreme Court in the second judicial department, reversing a judgment in favor of plaintiff entered upon a decision

**268** · H. R. & C. Co. *v.* Smith.

of the court on trial at Special Term and directing a dismissal of the complaint upon the merits.

*Henry M. Bellinger* for appellants. The Smith judgment entered and docketed against Bess Hedges never became a lien upon the real property of plaintiffs' predecessor in title, Mary Elizabeth Hedges. (*Osborn* v. *McCloskey*, 55 How. Pr. 345; *Fisher* v. *Hetherinton*, 11 Misc. Rep. 575; *Schoelkoff* v. *Ohineis*, 11 Misc. Rep. 253; *Cooper* v. *Burr*, 45 Barb. 9; *Van Voorhis* v. *Budd*, 39 Barb. 479; *Eagleston* v. *Son*, 5 Rob. 640; *Franklin* v. *Talmadge*, 5 Johns. 84; *Gardiner* v. *People*, 6 Park. Cr. Rep. 155; *Cornes* v. *Wilkin*, 79 N. Y. 129.) The real property formerly belonging to plaintiffs' predecessor in title, Mary Elizabeth Hedges, cannot lawfully be sold under judgment and execution against Bess Hedges, even though actual identity existed. (*Smith* v. *Jackson*, 20 Abb. N. C. 422; *Upham* v. *Cohen*, 14 Civ. Pro. Rep. 27; *Farnham* v. *Hildreth*, 32 Barb. 278.)

*Alfred Hayes* and *Robert F. Greacen* for respondents. The Smith judgment entered against Bess Hedges, a diminutive for Elizabeth, by which the defendant was known, was binding upon her and created a lien against land, title to which was in the name of Elizabeth Hedges. (*Smith* v. *United States Casualty Co.*, 197 N. Y. 420; *Styles* v. *Scotland & Co.*, 22 N. D. 469; *Clute* v. *Emmerich*, 26 Hun, 10; 99 N. Y. 342; *Jackson* v. *Bonsham*, 15 Johns. 226; *Stuyvesant* v. *Weil*, 167 N. Y. 421; *Hellreigel* v. *Manning*, 97 N. Y. 56; *Wilson* v. *Turner*, 81 Ill. 402; *Goodell* v. *Hall*, 112 Ga. 435; *Walter* v. *State*, 105 Ind. 589; *Weaver* v. *McElhenon*, 13 Mo. 89.)

Andrews, J. The original name of a Mrs. Hedges was " Mary Elizabeth." It is found, and while the evidence is slight it is sufficient to support the finding that she did and was known to do business as " Elizabeth "

and as " Bess Hedges," and desired and elected to drop the name of " Mary " and to retain and use the name of " Elizabeth " only. This she might do, and " Elizabeth Hedges " became her name. (*Smith* v. *U. S. Casualty Co.*, 197 N. Y. 420.) A creditor now represented by the respondents obtained a judgment against " Bess Hedges." It was so docketed in Kings county. The question before us is whether this judgment became a lien upon the real estate of Mrs. Hedges in Brooklyn. If it did, the result reached in the court below should be affirmed.

The appellants have acquired title to the property through the foreclosure of a mortgage given by Mrs. Hedges, before this judgment was obtained, but the judgment creditor was not made a party to the proceeding. What they or the mortgagee knew or should have known as to the change of name of Mrs. Hedges or as to the fact that a judgment existed against her is immaterial. If the judgment was properly docketed it became a lien on the property in question. If not, there was no lien, for except as provided by statute, a mere judgment is never a lien against the real estate of the judgment debtor. We confine ourselves, therefore, to this precise question.

In New York the history of judgment liens is a long one. To go back but to 1852, section 282 of the Code of Procedure provided that such a judgment when docketed became a lien on the real estate in the county " of every person against whom such judgment shall be rendered." In 1881 section 1251 of the Code of Civil Procedure made a docketed judgment a lien against the real property in the county which the judgment debtor has. In 1902 we find the same clause but with a limitation, " except that any judgment rendered having the name or any part of the name of the judgment debtor designated as fictitious, shall not bind or be a charge upon the real property  *  *  *· of any person." The judg-

ment, however, might be amended by the insertion of the true name and thereafter become a lien. (Code Civil Procedure, sec. 1251.) Again in 1905 came another change making the statute read as it now stands and stood at the time of these transactions. A docketed judgment is a lien upon the real property of the debtor, provided, however, it shall not bind or become a charge upon such real property "unless and until he is designated by his name in a docket of such judgment." A provision for amendment of the judgment was also included.

Obviously one purpose at least of these limitations was to insure certainty in determining whether or not real property was incumbered by any lien by way of judgment. The docket was under the initial of the surname of the debtor (Code Civil Procedure, sec. 1246), in columns (Code Civil Procedure, sec. 1245) and in alphabetical order. Even so the statute may not accomplish its purpose completely. What we must decide is whether " Bess Hedges " is the name of the former owner of the property in question.

Many diminutives or contractions of proper names are in ordinary use. Some are as well recognized as standing for and representing the longer form as would the arrangement of lines and symbols which we interpret as " Mary " represent that name. They and the full name are synonymous. By every one and everywhere they are so understood. They equally identify the person referred to. Of others, the same thing may not be said. There is no such general agreement as to their meaning. Perhaps they are more truly nicknames, used by friends and relatives, not by the public. Such, for instance are " Cliff " for " Radcliffe," " Ganz " for " Gansevoort," " Will " for " Wilbur " or " Wilfred," " Minnie " for " Wilhelmina," " Sibel " for " Isabella."

To the former class belongs " Bess " for " Elizabeth." For centuries the two forms have been considered equivalents. Nor is " Bess " itself an individual recognized

name. If ever a child is so christened it is through ignorance, carelessness, eccentricity or because of some sentimental association. If as is the case, by immemorial usage " Bess " is recognized as identical with " Elizabeth " then " Bess Hedges " is equally with " Elizabeth Hedges " the name of the judgment debtor. And if it is her name a judgment docketed against " Bess Hedges "˙ becomes a lien upon the property of " Elizabeth." " If two names are in original derivation the same, and are taken promiscuously to be the same in common use, though they differ in sound yet there is no variance." (Bacon's Abridgement, Title Misnomer & Addition.) In *Thomas* v. *Desney* (57 Iowa, 58) the court after substantially quoting the above adds: " ' When two names are derived from the same source, or when one is an abbreviation or corruption of the other, but both are taken by common use to be the same, though differing in sound, the use of one for the other is not a misnomer.' * * * as Elizabeth, Bettie and Bessie, or Sarah, Sara and Sally." In that case the judgment was docketed against Ellen and it was held not to be a lien on the property of Helen. The two names were not used interchangeably nor was one an abbreviation or corruption of the other.

In this State we have found no case directly bearing on the question. Elsewhere, while there is no agreement the weight of authority sustains the conclusion to which we have come. Besides *Thomas* v. *Desney* (*supra*) we refer to *Lessee of Gordon* v. *Holiday* (1 Wash. C. C. 285), as to Harry and Henry; *Walling* v. *State* (13 Ala. A. C. 253), as to Willie and William; *Burley* v. *Griffith* (8 Leigh [Va.], 442), as to Bill and William; *Styles* v. *Scotland & Co.* (22 N. D. 469), as to Charlie and Charles; *Sparks* v. *Sparks* (51 Kans. 195), as to Dan and Daniel; *State* v. *Watson* (30 Kans. 281), as to Molly and Mary; *Burns* v. *Ross* (215 Penn. St. 293), as to Frank and Francis; *Walter* v. *State* (105 Ind. 589), as to Jack and John; *Stephenson* v. *Cone* (24 S. D. 460), as to Ed and Edward;

*Galliano* v. *Kilfoy* (94 Cal. 86), as to Rose and Rosa; *Alsup* v. *State* (36 Tex. Cr. Rep. 535), as to Bob and Robert; and more doubtful *Goodell* v. *Hall* (112 Ga. 435), as to Eliza and Elizabeth.

To the contrary are *Ohlmann* v. *Clarkson Sawmill Co.* (222 Mo. 62), as to Mike and Michael, but " Mike is not an universally known abbreviation of Michael; " *Kennedy* v. *Merriam* (70 Ill. 228) as to May and Mary, and *Garrison* v. *People* (21 Ill. 535), as to Harry and Henry.

The conclusion which we have reached does not create undue difficulties for searchers of the records as to incumbrances on real estate. Docketed, as judgments are, alphabetically under the surname of the debtor, one finding " Hedges, Bess " might well be required to take notice if looking for liens upon property of " Hedges, Elizabeth." And that is the extent of our present decision. We are now concerned but with the use of this one diminutive. Should the question ever arise as to others, we will then consider what should be the answer.

The judgment appealed from should be affirmed, with costs.

HISCOCK, Ch. J., POUND, MCLAUGHLIN, CRANE and LEHMAN, JJ., concur; CARDOZO, J., absent.

Judgment affirmed.