■ In the Matter of GERTRUDE MASON, Respondent, v KAREN J. BELSKI, Appellant, and JOSEPH S. BELSKI, III, et al., Respondents.—Appeal from an order of the Supreme Court at Special Term, entered March 2, 1979 in Albany County, which granted petitioner's application in a proceeding

pursuant to CPLR 5236. Petitioner commenced this proceeding to determine her priority as a creditor of Joseph S. Belski, III, by reason of a judgment in the sum of $2,570 which she had procured and docketed against him in the Albany County Clerk's office on August 26, 1977. Respondent Karen J. Belski, the judgment debtor's former wife, appeals from the order of Special Term which, *inter alia,* directs that petitioner's judgment take precedence over and be paid before her claim. It appears that respondent's interest is founded on the provisions of a divorce decree entered in May of 1977, also in Albany County, and that the current dispute is over the proper distribution of funds held in escrow by a real estate agent. The fund represents a portion of the proceeds developed from the June 23, 1978 sale of real property located in the Town of Guilderland, Albany County, which had originally been owned by Joseph S. and Karen J. Belski, as tenants by the entirety. In our view, the present record is hopelessly inadequate to permit an intelligible disposition of the issues raised on this appeal. Accordingly, the order should be reversed and the matter should be remitted to Special Term for further proceedings. Petitioner's judgment became a lien on any interest the debtor may have had in Albany County realty on the date it was docketed (CPLR 5203, subd [a]). Whether a similar lien arose in favor of respondent by virtue of her earlier divorce decree is not entirely certain (compare *Snow v Snow,* 8 AD2d 516, 519, with *Buffalo Sav. Bank v Hunt,* 64 Misc 643) and the decree itself has not been made a part of the instant record. While we need not decide that question at this time, even if it is assumed that respondent acquired such a lien, final resolution of the proceeding is impossible because the details of her efforts to have the decree enforced are in dispute. Petitioner alleges that she was never put on notice of respondent's application for the appointment of a receiver or the direction to sell the involved real property in satisfaction of the debtor's arrearages in alimony and child support payments. The orders respondent procured in the course of that activity, which was presumably undertaken in reliance on section 243 of the Domestic Relations Law, are also absent from this record. Once again, serious issues of priority cannot be addressed without knowing the type of enforcement procedure selected by respondent. It may well be that interests beyond those asserted by the parties to this appeal could be affected by that choice (cf. CPLR 5203, subd [a], par 3; 5228; 5236 subd [a]). Consequently, the order should be reversed and the matter remitted to Special Term. Order reversed, on the law and the facts, without costs, and matter remitted to Special Term for further proceedings not inconsistent herewith. Mahoney, P. J., Greenblott, Kane, Main and Mikoll, JJ., concur.