■ In the Matter of AMERICAN PRIDE CONSTRUCTION, INC., Respondent, v RUSS FREEMAN EXCAVATING, INC., Appellant, et al., Respondent.—Mikoll, J. Appeal from a judgment of the Supreme Court (Cheeseman, J.), entered December 14, 1990 in Albany County, which granted petitioner's application, in a proceeding pursuant to CPLR 5239, to remove a levy of respondent Sheriff of Albany County upon moneys of petitioner.

The primary question presented on this appeal is whether Supreme Court erred in granting the application of petitioner to remove a Sheriff's levy and directing payment of the moneys subject to the levy to petitioner. We answer in the affirmative. The judgment should therefore be reversed and the matter remitted to Supreme Court for a trial pursuant to CPLR 5239.

Petitioner was the general contractor for a construction job for Kamco Supply Corporation (hereinafter Kamco) from March 1989 through June 1989. This was the only job petitioner worked on during that period. Respondent Russ Freeman Excavating, Inc. (hereinafter Freeman) performed excavation work on the job for an agreed price of $6,393.50 under a subcontract. Freeman was never paid for its work. All payments for the Kamco job were deposited into petitioner's

sole bank account at Norstar Bank of Upstate New York by June 26, 1989. Total costs and expenses for the Kamco job amounted to $82,208.21; the total contract price for the job, however, was $69,188, resulting in a loss to petitioner of $13,020.21. After completion of the Kamco job, petitioner deposited $31,567 in the same bank account for work performed on four other subsequent jobs. Most of the $31,567 was used to pay bills on the four later jobs. Nevertheless, numerous bills were unpaid including those from Freeman for the Kamco job.

Freeman obtained a default judgment against petitioner on November 22, 1989 in the sum of $7,164.21 in an effort to collect its unpaid bill. Execution was thereafter issued against petitioner's sole Norstar Bank account and respondent Sheriff of Albany County levied on the balance in the account, $2,277. Petitioner then commenced the instant proceeding pursuant to CPLR 5239 to determine rights to the levied property. Petitioner's president and treasurer, Dwight Mathusa, testified at an examination before trial concerning the funds of petitioner. He was unable, however, to specify which of the funds received were used to pay bills for the Kamco job and which were used to pay for the other four jobs.

Petitioner alleged in further papers that the disputed funds were exempt from garnishment, claiming that they constitute the res of a mechanic's lien trust fund for the benefit of other debtors under Lien Law § 70. Supreme Court, without a hearing, decided the matter on the papers submitted and, in its written decision, ruled that petitioner demonstrated that "the monies levied are trust funds under Lien Law §§ 70 [and] 72 for parties other than the judgment creditor" and granted the relief requested.

Pursuant to CPLR 5239, where, as here, there are disputed questions of fact, the court must order a separate trial to resolve them (see, Skyline Vineyards v Moravec, 134 AD2d 822; see also, McCahey v L.P. Investors, 774 F2d 543). Lien Law § 75 (2) provides that every trustee "shall keep books or records with respect to each trust of which he is trustee" and when "funds of separate trusts are deposited in the same bank account" the trustee "shall keep a record of such account showing the allocation to each trust of the deposits therein and withdrawals therefrom". That this was not done here appears from the affidavit of Mathusa. Petitioner has failed to meet its burden of establishing that the source of the funds levied upon was not the Kamco job.

Weiss, P. J., Mercure, Crew III and Casey, JJ., concur.

Ordered that the judgment is reversed, on the law, with costs, and matter remitted to the Supreme Court for trial.