■ WE BUY NOW, LLC, Respondent, v CADLEROCK JOINT VENTURE, LP, Appellant, et al., Defendants. [848 NYS2d 211]—

In an action, inter alia, for a judgment declaring that the defendant Cadlerock Joint Venture, LP, does not have a valid lien against the subject real property, Cadlerock Joint Venture, LP, appeals from so much of an order of the Supreme Court, Rockland County (Weiner, J.), entered August 16, 2006, as granted the plaintiff's motion for summary judgment.

Ordered that the order is affirmed insofar as appealed from, with costs to the respondent, and the matter is remitted to the Supreme Court, Rockland County, for the entry of a judgment declaring that the defendant Cadlerock Joint Venture, LP, does not have a valid lien against the subject real property.

"A judgment is not docketed against any particular property, but solely against a name, and if that name is incorrectly set forth, a purchaser in good faith should not be the one to suffer; but rather the creditor, who should see to it that the docketing is in the correct name of the debtor, if it is to be notice to subsequent purchasers" (*Grygorewicz v Domestic & Foreign Discount Corp.*, 179 Misc 1017, 1018-1019 [1943]). It is the duty of a judgment creditor who seeks to create a lien on real property held by the judgment debtor to take steps while the action

for a money judgment is pending to ensure that the judgment reflects the full name of the judgment debtor (*see Bernstein v Schoenfeld,* 37 Misc 610, 613 [1902], *affd* 81 App Div 171 [1903]). The plaintiff demonstrated its prima facie entitlement to judgment as a matter of law by presenting evidence that a judgment obtained by the defendant Cadlerock Joint Venture, LP (hereinafter Cadlerock), was not docketed in Rockland County under the surname of a title owner of the subject property in Rockland County and that, therefore, no valid lien against the property was created. In opposition, Cadlerock failed to raise a triable issue of fact. Accordingly, the Supreme Court properly granted the plaintiff's motion for summary judgment.

Since this is a declaratory judgment action, we remit the matter to the Supreme Court, Rockland County, for the entry of a judgment declaring that Cadlerock does not have a valid lien against the subject property (*see Lanza v Wagner,* 11 NY2d 317, 334 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]). Schmidt, J.P., Rivera, Florio and Balkin, JJ., concur.