■ In the Matter of KEITH SORESSI et al., Respondents, v SWF, L.P., Appellant, et al., Respondent. [916 NYS2d 349]—

Spain, J. Appeals (1) from an order and judgment of the Supreme Court (Platkin, J.), entered December 2, 2009 in Albany County, which granted petitioners' application, in a proceeding pursuant to CPLR article 52, to determine the ownership of certain real property, and (2) from an order of said court, entered August 5, 2010 in Albany County, which denied a motion by respondent SWF, L.P. for leave to reargue or renew.

In 2006, respondent SWF, L.P. obtained a default judgment against one "Jack McCabe" and docketed it in Albany County. Thereafter, by warranty deed, respondent John McCabe transferred to petitioners a parcel of real property in the Village of Voorheesville, Albany County (hereinafter the property). Petitioners learned that SWF had asserted a judgment lien on the property when served with a notice that the property would be sold at a sheriff's sale to satisfy the judgment.

Petitioners then commenced this special proceeding pursuant

to CPLR 5239 against respondents, seeking a declaration that the property is not subject to the judgment lien. Supreme Court determined that SWF had failed to show that the judgment debtor Jack McCabe was the same person as the grantor John McCabe and accordingly adjudged petitioners to be the owners of the property free and clear of SWF's asserted lien. Thereafter, SWF moved for leave to reargue and/or renew their opposition to the petition, submitting in support additional evidence that the judgment debtor and the grantor were the same person. Supreme Court denied the motion, and SWF now appeals from that order, as well as the original order and judgment declaring the property to belong to petitioners free of any lien arising out of SWF's judgment.

We reverse. As the party seeking relief, it was petitioner's burden to proffer evidence demonstrating that the property was not subject to the lien identified in the notice of sheriff's sale (see CPLR 5239; Matter of American Pride Constr. v Freeman Excavating, 182 AD2d 940, 941 [1992]). Significantly, CPLR 5203 (a) gives priority to a judgment creditor over subsequent transferees with regard to the debtor's real property in a county where the judgment has been "docketed" with the clerk of that county. A judgment is docketed when the clerk makes an entry "under the surname of the judgment debtor . . . consist[ing] of . . . the name and last known address of [the] judgment debtor" (CPLR 5018 [c] [1] [i]). Once docketed, a judgment becomes a lien on the real property of the debtor in that county (see CPLR 5203 [a]; Matter of Mason v Belski, 73 AD2d 779, 780 [1979]).

Here, the judgment was docketed as against "Jack McCabe of 12 Elmwood Road, Menands" and petitioners received the land by a warranty deed from "John McCabe" of "237 Swift Road, Voorheesville." While petitioners argue that the different first name renders the docketing ineffective, we disagree. The statute explicitly requires that a judgment only be docketed under the judgment debtor's surname (see CPLR 5018 [c] [1]). Further, where the first name is reflected in the docket and does not match the first name of the debtor, but the first names are commonly known derivatives of one another, the docketing has been held sufficient to create a lien on the debtor's real property (see H. R. & C. Co., Inc. v Smith, 242 NY 267, 272 [1926]; Matter of Carreras-Negron v Gutierrez, 17 AD3d 105 [2005], lv denied 5 NY3d 705 [2005]; Cole v Vincent, 229 App Div 520, 522 [1930]; cf. We Buy Now, LLC v Cadlerock Joint Venture, LP, 46 AD3d 549, 550 [2007], lv denied 10 NY3d 713 [2008] [docketing ineffective with incorrect surname]). No dispute exists in this

case that the surname was correctly entered; nor can it be argued that "Jack" is not a common derivative of "John." We are cognizant that the Court of Appeals, in adopting the rule that common nicknames give notice of the corresponding given first name, relied upon the now somewhat antiquated notion that children would never be given a common nickname as a first name except "through ignorance, carelessness, eccentricity or because of some sentimental association" (*H. R. & C. Co., Inc. v Smith*, 242 NY at 271). Certainly, today, many individuals are given the name of "Jack," but that does not undermine the fact that Jack also continues to be a commonly used nickname for John. Indeed, "[e]very title examiner should know that there are certain standard abbreviations, derivatives and nicknames for the more common [first] names which the courts have long recognized as interchangeable with the full name such as . . . Jack for John" (*Clinton v Miller*, 124 Mont 463, 483, 226 P2d 487, 497-498 [1951]; *see Walter v State*, 105 Ind 589, 592-593, 5 NE 735, 737 [1886]).

As petitioners do not contend that the address listed in the judgment is not the debtor's last known address, the docketing statute is satisfied in that respect as well (*see* CPLR 5018 [c] [1] [i]). Accordingly, we hold that the docket entry against "Jack" McCabe complied with the statute as to property owned by John McCabe and, thus, SWF obtained a valid lien against the property (*see* CPLR 5018 [c]; *H. R. & C. Co., Inc. v Smith*, 242 NY at 272).

Supreme Court nevertheless granted the petition on the alternate ground that petitioners established that the judgment debtor and the grantor were different people. We disagree and conclude that petitioners failed to meet their burden of establishing a prima facie case in this regard (*see Matter of American Pride Constr. v Freeman Excavating*, 182 AD2d at 941). In support of the petition, petitioners produced a notarized affidavit by the grantor John McCabe, signed in connection with the transfer of the property, whereby he swore that he "has [not] been known by any other name . . . within the last twenty (20) years except as follows: none—see affidavit." This self-serving statement is not definitive, however, as the cited additional affidavit was not included in the petition, nor does it appear anywhere in the record. McCabe's affidavit also stated that no judgments were pending against him "other than those (if any) set forth in the . . . title report." Again, this statement is not helpful in demonstrating a lack of identity between the judgment debtor and the grantor, as petitioners failed to include the title report in their petition.

In any event, it does not appear that there was ever any real question of fact regarding whether the judgment debtor and the grantor were one in the same person. The petition does not affirmatively assert as much, but instead carefully states that "[t]he SWF [j]udgment is not a lien against [the property] because it is against 'Jack McCabe,' an individual that was not the owner of record of [the property] at the time that the SWF [j]udgment was entered or at any time thereafter." This allegation seems to go toward the assertion—dismissed above—that for a lien to be created the full name of the judgment debtor must match that of the grantor named on the deed.

On this record, we hold that petitioners did not directly assert, much less meet, their initial burden of establishing that the judgment debtor and the grantor are not the same person. Accordingly, we discern no issue of fact requiring a hearing (*see* CPLR 5239) and hold that the petition should have been dismissed. In light of this determination, SWF's assertion that its motion to reargue and/or renew was improperly denied is academic (*see Zibro v Saratoga Natl. Golf Club, Inc.*, 55 AD3d 998, 1001 [2008]).

Peters, J.P., Rose, Kavanagh and Egan Jr., JJ., concur. Ordered that the order and judgment entered December 2, 2009 is reversed, on the law, with costs, and petition dismissed. Ordered that the appeal from the order entered August 5, 2010, is dismissed, as academic.