In the Matter of ACCOUNTS RETRIEVABLE SYSTEM, LLC, as Assignee of Chase Bank, USA, N.A., Appellant, v ROBERT CONWAY, Also Known as BOB CONWAY, et al., Respondents. [921 NYS2d 575]—

In a proceeding pursuant to CPLR article 52 to direct the Sheriff of Dutchess County to sell certain real property to enforce a money judgment, the petitioner appeals from a judgment of the Supreme Court, Dutchess County (Dolan, J.), dated June 4, 2010, which, in effect, denied the petition and dismissed the proceeding.

Ordered that the judgment is reversed, on the law, with costs, the petition is granted, and the matter is remitted to the Supreme Court, Dutchess County, for the entry of a judgment directing the Sheriff of Dutchess County to sell the subject real property to enforce the money judgment.

In September 2007 a money judgment (hereinafter the judgment) in favor of the petitioner's predecessor in interest and against a "Bob Conway" residing at 166 Route 216, Stormville, New York (hereinafter the property), was docketed in Dutchess County. The judgment was subsequently assigned to the petitioner. In November 2007 "Robert Conway" and Katherine Conway conveyed their title to the property to Silvia M. Villa. Although a title search was performed in connection with this transaction, the judgment docketed under the name "Bob Conway" was not discovered and was not satisfied at closing. It is undisputed that the judgment debtor "Bob Conway" and the former property owner "Robert Conway" are the same individual.

Ultimately, the petitioner sought to enforce the judgment by delivering an execution to the Sheriff of Dutchess County and commencing this proceeding to direct the Sheriff to sell the property. Villa filed opposition papers. The Supreme Court, in effect, denied the petition and dismissed the proceeding on the ground that the judgment had not created a lien on the property because it had been docketed under the name "Bob Conway" rather than "Robert Conway," the full name of the former title owner at issue. We reverse and grant the petition.

CPLR 5203 (a) gives priority to a judgment creditor over subsequent transferees with regard to the debtor's real property in a county where the judgment has been docketed with the clerk of that county (*Matter of Soressi v SWF, L.P.*, 81 AD3d 1143, 1144 [2011]). In pertinent part, a judgment is docketed when the clerk makes an entry "under the surname of the judgment debtor . . . consist[ing] of . . . the name and last known address of [the] judgment debtor" (CPLR 5018 [c] [1] [i]). "Once docketed, a judgment becomes a lien on the real property of the debtor in that county" (*Matter of Soressi v SWF, L.P.*, 81 AD3d at 1144; *see* CPLR 5203 [a]; *Matter of Mason v Belski*, 73 AD2d 779, 780 [1979]).

In the instant matter, although the judgment was docketed under the name "Bob Conway" and the name of the relevant title owner at the time the judgment was docketed was "Robert Conway," the different first name on the judgment did not render the docketing ineffective to create a valid lien against the property. CPLR 5018 explicitly requires that a judgment only be docketed under the judgment debtor's surname (*see* CPLR 5018 [c] [1]; *Matter of Soressi v SWF, L.P.*, 81 AD3d at 1144). "Further, where the first name is reflected in the docket and does not match the first name of the debtor, but the first names are commonly known derivatives of one another, the docketing has been held sufficient to create a lien on the debtor's real property" (*Matter of Soressi v SWF, L.P.*, 81 AD3d at 1144; *see H. R. & C. Co., Inc. v Smith*, 242 NY 267, 270-272 [1926]; *see also Matter of Carreras-Negron v Gutierrez*, 17 AD3d 105 [2005]; *cf. We Buy Now, LLC v Cadlerock Joint Venture, LP*, 46 AD3d 549, 550 [2007] [judgment not docketed under the correct surname of a title owner of the subject real property]). Here, the judgment was docketed under the correct surname, and it cannot be argued that "Bob" is not a common derivative of "Robert." Moreover, Villa does not contend that the address listed in the judgment was not the debtor's last known address (*see* CPLR 5018 [c] [1] [i]). Thus, the judgment docketed under the name "Bob Conway" created a valid lien against the property, which was owned by, among others, "Robert Conway" at the time the judgment was docketed (*id.*; *see* CPLR 5203 [a]; *H. R. & C. Co., Inc. v Smith*, 242 NY at 270-272; *Matter of Soressi v SWF, L.P.*, 81 AD3d at 1144-1145).

Villa's remaining contention is without merit.

Accordingly, the Supreme Court should have granted the petition and directed the Sheriff to sell the property to enforce the judgment. Covello, J.P., Angiolillo, Dickerson and Hall, JJ., concur.