■ In the Matter of GREGORY M. SMITH et al., Respondents, v RALPH DINAPOLI LANDSCAPING, INC., Doing Business as COUNTRY LANDSCAPING, Appellant, et al., Respondent. [977 NYS2d 663]—

In a proceeding pursuant to CPLR 5239, inter alia, to determine that certain real property is free and clear of a judgment lien asserted by Ralph Dinapoli Landscaping, Inc., doing business as Country Landscaping, the appeal is from an order of the Supreme Court, Suffolk County (Pines, J.), dated May 1, 2012, which granted the petition, vacated the execution of the judgment lien, and directed the Suffolk County Sheriff to release the real property from the levy.

Ordered that the order is affirmed, with costs.

"CPLR 5203 (a) gives priority to a judgment creditor over

subsequent transferees with regard to the debtor's real property in a county where the judgment has been docketed with the clerk of that county" (*Matter of Accounts Retrievable Sys., LLC v Conway*, 83 AD3d 1052, 1053 [2011]; *see* CPLR 5203 [a]; *Matter of Soressi v SWF, L.P.*, 81 AD3d 1143, 1144 [2011]). Pursuant to CPLR 5018 (c), a judgment is docketed when the clerk makes an entry "under the surname of the judgment debtor . . . consist[ing] of . . . the name and last known address of [the] judgment debtor" (CPLR 5018 [c] [1] [i]; *see Matter of Accounts Retrievable Sys., LLC v Conway*, 83 AD3d at 1053). " 'Once docketed, a judgment becomes a lien on the real property of the debtor in that county' " (*Matter of Accounts Retrievable Sys., LLC v Conway*, 83 AD3d at 1053, quoting *Matter of Soressi v SWF, L.P.*, 81 AD3d at 1144). Here, the petitioners' submissions demonstrated that the judgment obtained by the appellant was not docketed under the correct surname of a title owner of the subject property. Therefore, no valid lien against the subject real property was created (*see We Buy Now, LLC v Cadlerock Joint Venture, LP*, 46 AD3d 549, 550 [2007]; *cf. H. R. & C. Co., Inc. v Smith*, 242 NY 267 [1926]; *Matter of Accounts Retrievable Sys., LLC v Conway*, 83 AD3d at 1053).

The appellant's remaining contentions are either without merit or not properly before this Court.

Accordingly, the Supreme Court properly granted the petition, vacated the execution of the judgment lien, and directed the Suffolk County Sheriff to release the property from the levy. Eng, P.J., Dickerson, Chambers and Hall, JJ., concur.