Matter of Fischer v Chabbott (2019 NY Slip Op 09002)





Matter of Fischer v Chabbott


2019 NY Slip Op 09002


Decided on December 18, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 18, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
JEFFREY A. COHEN
ROBERT J. MILLER
COLLEEN D. DUFFY, JJ.


2017-08477
 (Index No. 506103/17)

[*1]In the Matter of David Fischer, etc., appellant- respondent, 
v
Julius Chabbott, et al., respondents- appellants, et al., respondent-respondent.


Heller Horowitz & Feit, P.C., New York, NY (Eli Feit and Stuart A. Blander of counsel), for appellant-respondent.
Avrom R. Vann, P.C., New York, NY, for respondent-appellant Julius Chabbott.
Michael A. Haskel, Mineola, NY (Mary A. Wright and Brandon M. Zlotnick of counsel), for respondent-appellant Mayrav Chabbott.
Gassman Baiamonte Gruner, P.C., Garden City, NY (Stephen Gassman, Karen Bodner, and Deborah Kelly of counsel), respondent-respondent pro se.



DECISION & ORDER
In a proceeding pursuant to CPLR 5239 to determine adverse claims to certain real property and pursuant to CPLR 5225 for the turnover of certain personal property, David Fischer appeals, and Julius Chabbott and Mayrav Chabbott separately cross-appeal, from an order of the Supreme Court, Kings County (Lawrence Knipel, J.), dated July 21, 2017. The order, insofar as appealed from, denied that branch of the petition which sought to direct Gassman Baiamonte Gruner, P.C., and Mayrav Chabbott to turn over certain funds in satisfaction of a judgment against Julius Chabbott. The order, insofar as cross-appealed from, granted that branch of the petition which was to determine that David Fischer's interest in certain real property was superior to that of Mayrav Chabbott.
ORDERED that the cross appeal by Julius Chabbott is dismissed, as Julius Chabbott is not aggrieved by the portions of the order cross-appealed from (see CPLR 5511; Mixon v TBV, Inc., 76 AD3d 144, 156-157); and it is further,
ORDERED that the order is affirmed insofar as appealed from; and it is further,
ORDERED that the order is reversed insofar as cross-appealed from by Mayrav Chabbott, on the law, and that branch of the petition which was to determine that David Fisher's interest in certain real property was superior to that of Mayrav Chabbott is denied; and it is further,
ORDERED that one bill of costs is awarded to Mayrav Chabbott.
Julius Chabbott and Mayrav Chabbott were married and owned real property located in Lawrence (hereinafter the subject property). In 2014, Mayrav commenced an action for a divorce. In an order dated November 14, 2014, the matrimonial court directed that certain funds due to Julius were to be placed into an interest-bearing escrow account to be maintained by Gassman Baiamonte Gruner, P.C. (known, at that time, as Gassman Baiamonte Betts, P.C.) (hereinafter GBG). The order [*2]directed that "no disbursements from said account shall be made without an order from this Court."
In May 2016 and August 2016, David Fischer was awarded two judgments, in the amounts of $540,460 and $421,691.91, respectively, against Julius and five other defendants. Fischer thereafter sent a restraining notice pursuant to CPLR 5222 to GBG and, by letter to GBG, requested that the funds in the escrow account be released to him.
In an order dated March 23, 2017, the matrimonial court, which was aware of Fischer's judgments and restraining notice, determined that the subject property and the funds in the escrow account would be distributed to Mayrav, and directed GBG to release the funds in the escrow account to her. GBG disbursed the funds in the escrow account on March 27, 2017, in accordance with Mayrav's instructions. A divorce judgment was entered on June 12, 2017.
Meanwhile, in March 2017, Fischer commenced the instant proceeding. In April 2017, he filed an amended notice of petition, inter alia, pursuant to CPLR 5225 and CPLR 5239, requesting that GBG and Mayrav be directed to turn over funds in their possession in satisfaction of the judgments against Julius, and to determine that Fischer's interest in the subject property was superior to that of Mayrav. In an order dated July 21, 2017, the Supreme Court granted that branch of the petition which was to determine that Fischer's interest in the subject property was superior to that of Mayrav, but denied that branch of the petition which requested that GBG and Mayrav be directed to turn over funds. Fischer appeals, and Mayrav separately cross-appeals.
"CPLR 5203(a) gives priority to a judgment creditor over subsequent transferees with regard to the debtor's real property in a county where the judgment has been docketed with the clerk of that county" (Matter of Accounts Retrievable Sys., LLC v Conway, 83 AD3d 1052, 1053; see CPLR 5203[a]). Pursuant to CPLR 5018(c), a judgment is docketed when the clerk makes an entry "under the surname of the judgment debtor . . . consist[ing] of . . . the name and last known address of [the] judgment debtor" (CPLR 5018[c][1][i]; see Matter of Accounts Retrievable Sys., LLC v Conway, 83 AD3d at 1053). "A judgment is not docketed against any particular property, but solely against a name" (We Buy Now, LLC v Cadlerock Joint Venture, LP, 46 AD3d 549, 549 [internal quotation marks omitted]). " Once docketed, a judgment becomes a lien on the real property of the debtor in that county'" (Matter of Accounts Retrievable Sys., LLC v Conway, 83 AD3d at 1053, quoting Matter of Soressi v SWF, L.P., 81 AD3d 1143, 1144).
Here, it is undisputed that when the judgments were docketed, Julius's surname was spelled incorrectly. Because the judgments were not docketed under the correct surname, no valid lien against Julius's interest in the subject property was created (see Matter of Smith v Ralph Dinapoli Landscaping, Inc., 111 AD3d 841, 842; We Buy Now, LLC v Cadlerock Joint Venture, LP, 46 AD3d at 550). Therefore, Fischer was not entitled to a determination that his interest in the subject property was superior to that of Mayrav, whose interest "vest[ed] upon the judgment of divorce" (Pangea Capital Mgt., LLC v Lakian, 34 NY3d 38, 43). Although Mayrav failed to argue in the Supreme Court that Fischer did not have a valid lien on the subject property in light of the undisputed fact that Julius's surname was misspelled, that issue can be raised for the first time on appeal because it is one of law which appears on the face of the record and could not have been avoided if it had been raised at the proper juncture (see Countrywide Bank, FSB v Singh, 173 AD3d 673, 675). Accordingly, that branch of the petition which sought a determination that Fischer's interest in the subject property was superior to that of Mayrav should have been denied.
As to the funds in the escrow account, contrary to Fischer's contention, his service of the restraining notice coupled with his money judgments against Julius did not serve to give him priority over Mayrav's interest in those funds. A lien on personal property is created when the judgment creditor delivers an execution to a sheriff (see CPLR 5202[a]). "[T]he service of a restraining notice pursuant to CPLR 5222 does not confer priority upon the judgment creditor in the form of a lien on the judgment debtor's property" (Burstin Invs. v K.N. Invs., 255 AD2d 478, 480). "Therefore, a judgment creditor serving a restraining notice ordinarily is required to take further steps in enforcing his judgment, such as an execution or levy upon the judgment debtor's property, in order to prevent the intervening rights of third parties from taking precedence over his claim against the judgment debtor" (Aspen Indus. v Marine Midland Bank, 52 NY2d 575, 580). Here, Fischer did not deliver a property execution to the sheriff regarding the escrow account, and the [*3]judgments and restraining notice were not sufficient to establish a lien prior to entry of the divorce judgment.
Furthermore, contrary to Fischer's contention, he was not entitled to damages from GBG for release of the funds in the escrow account. Although Fischer served a restraining notice and sought to have those funds released to him, at that time, the funds had already been restrained by order of the matrimonial court. Under the circumstances of this case, no liability can be ascribed to GBG for complying with the subsequent order of the matrimonial court directing release of the funds (cf. CSX Transp., Inc. v Island Rail Term., Inc., 879 F3d 462 [2d Cir]).
Accordingly, we agree with the Supreme Court's determination to deny that branch of the petition which sought the turnover of funds.
In light of our determination, we need not reach the parties' remaining contentions.
BALKIN, J.P., COHEN, MILLER and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court