Kunin v Guttman (2020 NY Slip Op 02044)





Kunin v Guttman


2020 NY Slip Op 02044


Decided on March 25, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 25, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JOHN M. LEVENTHAL
JOSEPH J. MALTESE
VALERIE BRATHWAITE NELSON, JJ.


2017-09232
 (Index No. 502725/15)

[*1]Eduard Kunin, appellant, 
v
George Guttman, et al., defendants, Xifeng Zhang, respondent.


Ikhilov & Associates, Brooklyn, NY (Andrei A. Popescu of counsel), for appellant.
Rajan Patel, Nanuet, NY, for respondent.



DECISION & ORDER
In an action, inter alia, to set aside a conveyance as fraudulent pursuant to Debtor and Creditor Law article 10, the plaintiff appeals from an order and judgment (one paper) of the Supreme Court, Kings County (Debra Silber, J.), dated August 16, 2017. The order and judgment, insofar as appealed from, granted those branches of the motion of the defendant Xifeng Zhang which were for summary judgment dismissing the complaint insofar as asserted against her, canceling a notice of pendency filed against the subject real property, and declaring that her ownership of the subject real property is free and clear of any right, title, or interest claimed by the plaintiff, denied the plaintiff's cross motion, inter alia, for summary judgment on the complaint, and declared that the defendant Xifeng Zhang's ownership of the subject real property is free and clear of any right, title, or interest claimed by the plaintiff.
ORDERED that the order and judgment is affirmed insofar as appealed from, with costs.
A judgment was docketed in Kings County against, among others, George Guttman and Alex Rabinovich. The judgment was subsequently assigned to the plaintiff. The plaintiff commenced this action against Guttman, Rabinovich, and Xifeng Zhang (hereinafter the defendant), alleging, inter alia, that in spite of a judgment lien against all real property owned by Guttman and Rabinovich, the subject real property was conveyed from Guttman and Rabinovich to the defendant. The plaintiff sought, among other things, to set aside the conveyance. The defendant moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against her, canceling a notice of pendency filed against the subject property, and declaring that her ownership of the subject property is free and clear of any right, title, or interest claimed by the plaintiff. The plaintiff cross-moved, among other things, for summary judgment on the complaint. In an order and judgment dated August 16, 2017, the Supreme Court, inter alia, granted those branches of the defendant's motion and denied the plaintiff's cross motion. The plaintiff appeals.
The defendant demonstrated her prima facie entitlement to judgment as a matter of law. "CPLR 5203(a) gives priority to a judgment creditor over subsequent transferees with regard to the debtor's real property in a county where the judgment was docketed with the clerk of that county" (Matter of Smith v Ralph Dinapoli Landscaping, Inc., 111 AD3d 841, 841-842 [internal quotation marks omitted]; see CPLR 5203[a]; Matter of Accounts Retrievable Sys., LLC v Conway, [*2]83 AD3d 1052, 1053). Pursuant to CPLR 5018(c), a judgment is docketed when the clerk makes an entry "under the surname of the judgment debtor, . . . consist[ing] of . . . the name and last known address of [the] judgment debtor" (CPLR 5018[c][1][i]; see Matter of Smith v Ralph Dinapoli Landscaping, Inc., 111 AD3d at 842; Matter of Accounts Retrievable Sys., LLC v Conway, 83 AD3d at 1053). " Once docketed, a judgment becomes a lien on the real property of the debtor in that county'" (Matter of Smith v Ralph Dinapoli Landscaping, Inc., 111 AD3d at 842, quoting Matter of Accounts Retrievable Sys., LLC v Conway, 83 AD3d at 1053).
Here, the defendant demonstrated, prima facie, that the judgment was not docketed under the correct surnames of the title owners of the subject property—Alex Robinovich and George Guttmann—and that, therefore, no valid lien against the subject property was created (see CPLR 5018[c][1]; Matter of Smith v Ralph Dinapoli Landscaping, Inc., 111 AD3d at 842; We Buy Now, LLC v Cadlerock Joint Venture, LP, 46 AD3d 549, 550). Moreover, the defendant demonstrated, prima facie, that her purchase of the subject property was supported by fair consideration and made in good faith (see Phillips v Isaiah Owens Funeral Serv., Inc., 69 AD3d 822, 822-823). In opposition to the defendant's prima facie showing, the plaintiff failed to raise a triable issue of fact.
The plaintiff's remaining contention is without merit.
MASTRO, J.P., LEVENTHAL, MALTESE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court