Matter of Kapitaj v Hampshire Abstract, Inc. (2020 NY Slip Op 05901)





Matter of Kapitaj v Hampshire Abstract, Inc.


2020 NY Slip Op 05901


Decided on October 21, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 21, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
JOHN M. LEVENTHAL
COLLEEN D. DUFFY
VALERIE BRATHWAITE NELSON, JJ.


2017-11834
 (Index No. 85137/17)

[*1]In the Matter of Dan Kapitaj, et al., petitioners-respondents,
v
Hampshire Abstract, Inc., etc., appellant, Sheriff of the City of New York, respondent-respondent, et al., respondent.


Richland & Falkowski, PLLC, Washingtonville, NY (Daniel H. Richland of counsel), for appellant.
Crawford Bringslid Vander Neut, LLP, Staten Island, NY (Kerris L. Bringslid of counsel), for petitioners-respondents.



DECISION & ORDER
In a proceeding pursuant to CPLR 5239 to determine adverse claims to real property in Richmond County, Hampshire Abstract, Inc., appeals from an order of the Supreme Court, Richmond County (Desmond A. Green, J.), dated September 26, 2017. The order granted the petition to vacate a judgment lien against the petitioners' property, and denied the motion of Hampshire Abstract, Inc., to dismiss the proceeding.
ORDERED that the order is affirmed, with costs.
In July 2017, the petitioners commenced this proceeding pursuant to CPLR 5239 to nullify a judgment lien against certain real property in Richmond County (hereinafter the property), obtain a determination that the property is free from judgment liens, and stay a sheriff's sale of the property. The petitioners alleged that they had purchased the property from Nasser Amtul and Asma Jabeen, who had purchased the property in 2009 from an individual named Nazeer Ahmed. Hampshire Abstract, Inc. (hereinafter the appellant), the purported lienholder, moved to dismiss the proceeding. After a hearing, the Supreme Court determined that the appellant's judgment lien was not a valid lien on the property. The court granted the petition and denied the appellant's motion. We affirm.
When a judgment is docketed, it is docketed "under the surname of the judgment debtor . . . consist[ing] of . . . the name and last known address of [the] judgment debtor" (Matter of Fischer v Chabbott, 178 AD3d 923, 924 [internal quotation marks omitted]; see CPLR 5018[c][1][i], [2]). Once docketed, a judgment becomes a lien on the real property of the judgment debtor in the county of docketing (see CPLR 5018[b]; Matter of Fischer v Chabbott, 178 AD3d at 925). "It is the duty of a judgment creditor who seeks to create a lien on real property held by the judgment debtor . . . to ensure that the judgment reflects the full name of the judgment debtor" (We Buy Now, LLC v Cadlerock Joint Venture, LP, 46 AD3d 549, 549-550).
Here, the judgment was docketed only under the name "Nazeer Ahamed." Since the various deeds transferring the ownership interest in the property reflect that "Nazeer Ahmed" and not [*2]"Nazeer Ahamed" was the contracting party, no lien is enforceable against property that was not in the name of "Nazeer Ahamed," the judgment debtor. Accordingly, we agree with the Supreme Court's determination that no valid lien enforceable against the property was created (see Matter of Fischer v Chabbott, 178 AD3d at 925; Matter of Smith v Ralph Dinapoli Landscaping, Inc., 111 AD3d 841, 842).
CHAMBERS, J.P., LEVENTHAL, DUFFY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court