Charles v Berman (2021 NY Slip Op 00542)





Charles v Berman


2021 NY Slip Op 00542


Decided on February 3, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 3, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SYLVIA O. HINDS-RADIX
COLLEEN D. DUFFY
VALERIE BRATHWAITE NELSON, JJ.


2018-13646
 (Index No. 508854/14)

[*1]Michel Charles, respondent, 
v
Mark Berman, appellant, et al., defendant.


Ofeck & Heinze, LLP, New York, NY (Mark F. Heinze of counsel), for appellant.
Butler, Fitzgerald, Fiveson & McCarthy, New York, NY (David K. Fiveson and Jamie N. Burke of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, pursuant to RPAPL article 15 to quiet title to real property and for declaratory relief, the defendant Mark Berman appeals from an order of the Supreme Court, Kings County (Larry D. Martin, J.), dated October 23, 2018. The order, insofar as appealed from, granted the plaintiff's motion for summary judgment on the cause of action to quiet title to the real property at issue and for a declaration that a judgment in the amount of $173,587.50 against Glenwood Orthopedic, P.C., and Joseph Paul is not a valid lien against the real property, and denied the cross motion of the defendant Mark Berman for summary judgment dismissing the amended complaint insofar as asserted against him and on his counterclaim for a declaration that the judgment in the amount of $173,587.50 against Glenwood Orthopedic, P.C., and Joseph Paul is a valid and enforceable lien against the real property.
ORDERED that the order is affirmed insofar as appealed from, with costs, and the matter is remitted to the Supreme Court, Kings County, for the entry of a judgment, inter alia, making the appropriate declaration in accordance herewith.
In September 2014, the plaintiff commenced this action against the defendant Mark Berman (hereinafter the defendant) seeking to quiet the plaintiff's fee interest in residential real property in Brooklyn (hereinafter the property) that the plaintiff purchased in June 2013 from an individual named Joseph Paul. The plaintiff also sought, inter alia, a declaration that a judgment dated May 10, 2013, in the amount of $173,587.50 against Glenwood Orthopedic, P.C., and Joseph Paul is not a valid lien against the property. According to the plaintiff, a title search was performed in connection with his purchase of the property and no judgment liens were recorded against the property. The plaintiff alleged that he thereafter learned that the defendant was seeking to enforce the judgment in the amount of $173,587.50 against the property contending that a lien against "Glenwood Orthopedics, P.C. and Dr. Joseph Paul" was recorded in May 2013—a month before the plaintiff had purchased the property.
The plaintiff thereafter moved for summary judgment on the cause of action to quiet his fee interest in the property and for declaratory relief, and the defendant then cross-moved for summary judgment dismissing the amended complaint insofar as asserted against him and on his [*2]counterclaim for a declaration that the judgment is a valid and enforceable lien against the property. The Supreme Court, inter alia, granted the plaintiff's motion and denied the defendant's cross motion. The defendant appeals.
We agree with the Supreme Court's determination granting the plaintiff's motion and denying the defendant's cross motion. Pursuant to CPLR 5018(c), a judgment is docketed in a given county when the clerk of that county makes an entry "'under the surname of the judgment debtor, . . . consist[ing] of . . . the name and last known address of [the] judgment debtor'" (Kunin v Guttman, 181 AD3d 880, 881, quoting CPLR 5018[c][1][i]; see Matter of Smith v Ralph Dinapoli Landscaping, Inc., 111 AD3d 841, 842), and, where, as here, there is more than one debtor, "[u]nder the surname of every other judgment debtor . . . consist[ing] of [the] name and last known address and an appropriate cross-reference to the first entry" (CPLR 5018[c][2]). Once docketed, a judgment becomes a lien on the real property of the debtor in that county and gives priority to the judgment creditor over subsequent transferees with regard to the debtor's real property in the county where the judgment was docketed (see CPLR 5203[a]; Kunin v Guttman, 181 AD3d at 881; Matter of Smith v Ralph Dinapoli Landscaping, Inc., 111 AD3d at 842). The judgment creditor is obligated to ensure that the judgment lien is properly recorded (see We Buy Now, LLC v Cadlerock Joint Venture, LP, 46 AD3d 549, 549-550; see also Matter of Fischer v Chabbott, 178 AD3d 923, 925). A bona fide purchaser, such as the plaintiff here, will prevail over a judgment creditor who has failed to ensure that the lien is docketed under the correct name of the judgment debtor (see Flagstar Bank, FSB v State of New York, 114 AD3d 138, 146; We Buy Now, LLC v Cadlerock Joint Venture, LP, 46 AD3d at 549-550).
Here, the plaintiff demonstrated, prima facie, his entitlement to judgment as a matter of law on the cause of action to quiet title and for a declaration that the real property at issue is not subject to the defendant's judgment lien. In support of his motion, the plaintiff submitted, among other things, the deposition transcript of a supervisor of the Docket Department of the Kings County Clerk's Office (hereinafter the supervisor). The supervisor testified at her deposition that the judgment at issue was not docketed under "Paul"—the surname of the title owner of the property. Thus, no valid lien against the property was created (see CPLR 5018[c][1]; Kunin v Guttman, 181 AD3d at 881; Matter of Smith v Ralph Dinapoli Landscaping, Inc., 111 AD3d at 842). Moreover, there is no dispute that the plaintiff had no actual or constructive notice of a judgment lien on the property (see Kunin v Guttman, 181 AD3d at 881).
In opposition, the defendant failed to raise a triable issue of fact. Any alleged defects in the docketing procedure employed by the Kings County Clerk's Office are not attributable to a bona fide purchaser of the property (see generally Matter of Fischer v Chabbott, 178 AD3d at 925; Flagstar Bank, FSB v State of New York, 114 AD3d at 146).
The defendant's remaining contention is without merit.
As the plaintiff, in part, seeks a declaratory judgment, we remit the matter to the Supreme Court, Kings County, for the entry of a judgment, inter alia, declaring that the May 10, 2013 judgment in the amount of $173,587.50 against Glenwood Orthopedic, P.C., and Joseph Paul is not a valid lien against the property (see Lanza v Wagner, 11 NY2d 317).
RIVERA, J.P., HINDS-RADIX, DUFFY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court