BUFFALO SAVINGS BANK, Respondent, v. SIGER, INC., et al, Defendants, and ETHEL COFFER, Appellant. ETHEL COFFER, Appellant, v. GURNEY M.

KRANZ et al., Defendants, and BUFFALO SAVINGS BANK, Respondent.

Memorandum: Mrs. Coffer was a vendee in possession under a contract executed with Collen Enterprises, Inc. When Collen subsequently executed a deed of the premises to Siger, Inc., and Siger executed a mortgage thereof to Buffalo Savings, the interests of both Siger and Buffalo Savings were subject to the right of the vendee to receive legal title upon compliance with the purchase contract. (*Phelan* v. *Brady,* 119 N. Y. 587.) The deed from Collen to Siger was not entirely a nullity however; it conveyed the interest which Collen still had in the land (Real Property Law, § 245) in the form of a vendor's lien (*Charles* v. *Scheibel,* 128 Misc. 275, affd. 221 App. Div. 816) and it was this right to which the mortgagee bank succeeded upon default in the mortgage payments. The bank is entitled to enforce the lien in this action; while it actually has no " mortgage " on the property which it may foreclose against the contract vendor, its rights under the lien may be implemented. Under CPLR 3017 (subd. [a]) the court was authorized to grant the relief which was appropriate to the proof, although it denied the foreclosure and sale demanded in the bank's complaint. The bank is entitled to a judgment that the vendee must now either pay off the balance of the purchase price, being $4,138.19 with interest at 6% from September 1, 1965, or must execute a mortgage to the Buffalo Savings Bank for that amount, thereby performing her obligation under the purchase contract. Upon payment or execution and delivery of such a mortgage the vendee will become the owner of legal title to the premises which are the subject of these actions. There was no necessity for the lower court's vacating the default judgment taken against Kranz, Collen and Siger since the judgment did not affect the rights of Coffer and the Buffalo Savings Bank with regard to each other, which rights are determined by the judgment here reviewed and modified. We have considered the other points raised by appellant and, upon the whole record, have concluded that they are without merit. (Appeal from judgment of Erie Trial Term, determining title and requiring reimbursement of Buffalo Savings Bank.) Present — Williams, P. J., Bastow, Del Vecchio and Marsh, JJ.