(March 14, 1988)

■ AL BARRINGER et al., Respondents, v EUROPEAN AMERICAN BANK & TRUST COMPANY et al., Appellants.—In an action for a judgment declaring certain real property free and clear of the defendants' judgment liens, the defendant European American Bank and Trust Co. appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Saladino, J.), entered June 30, 1987, as granted the plaintiffs' motion for summary judgment and denied its cross motion for summary judgment and the defendant First Island Partners L. P. appeals, as limited by its brief, from so much of the same order as granted the plaintiffs' motion for summary judgment and denied its cross motion to amend or supplement its answer and for summary judgment.

Ordered that the order is affirmed, with one bill of costs.

The plaintiffs entered into a lease with the judgment debtor on September 1, 1982, pursuant to which the plaintiffs were given an option to purchase the subject real property for $41,000. On October 9, 1984, the plaintiffs exercised their option to purchase. However, they were forced to sue the judgment debtor to compel specific performance of the agreement. After obtaining a judgment in their favor, the plaintiffs entered into a contract for the purchase of the premises with the judgment debtor. The net effect of the contract was to increase the purchase price to $70,000, the amount required to satisfy the existing first and second mortgages of record. The contract, which was recorded on October 7, 1985, further provided that the judgment debtor would receive no funds

from the sale. The defendants subsequently docketed three judgments against the judgment debtor.

We agree with the Supreme Court that the plaintiffs became the equitable owners of the property upon exercising their option to purchase the property which was prior to the time the defendants' judgments were docketed *(New York Cent. & Hudson Riv. R. R. Co. v Cottle,* 187 App Div 131, *affd* 229 NY 514; *Bean v Walker,* 95 AD2d 70; *Bullock v Cutting,* 155 App Div 825). The defendants' contention that the plaintiffs failed to provide valid consideration for the contract is without merit. The plaintiffs agreed to pay a fair price for the property when they entered into the lease containing the option to purchase in 1982. Upon docketing their judgments against the judgment debtor, the defendants' lien could attach only to those rights in the premises to which the judgment debtor was then entitled. Since the judgment debtor, pursuant to the terms of the contract, retained no right to payment or to the asset itself, the defendants were entitled to nothing *(Moyer v Hinman,* 13 NY 180; *Uffenheimer v Rob Con Enters.,* 74 AD2d 899; *Buffalo Sav. Bank v Siger, Inc.,* 28 AD2d 815, *mot denied* 20 NY2d 776, *affd* 21 NY2d 993, *rearg denied* 22 NY2d 828). Therefore, the plaintiffs are entitled to a declaration that the defendants' judgments are not liens upon the subject premises and directing the Clerk of the County of Suffolk to make the appropriate endorsements vacating and discharging said judgments as liens of record as to the subject property.

We further find that the motion of the defendant First Island Partners L. P. to amend or supplement its answer was properly denied *(see, Norman v Ferrara,* 107 AD2d 739; *Goldstein v Brogan Cadillac Oldsmobile Corp.,* 90 AD2d 512). Lawrence, J. P., Kunzeman, Kooper and Balletta, JJ., concur.