■ FREDERICK LEONARDO et al., Respondents, v MILTON SIEGAL, Doing Business as MASTER PLAN, Appellant, et al., Respondent.—In a proceeding pursuant to CPLR 6221 to vacate an order of attachment, the appeal is from a judgment of the Supreme Court, Suffolk County (Lama, J.), dated January 5, 1988, which granted the petition.

Orederd that the judgment is affirmed, with costs.

On July 29, 1986, Drew and Cara Osias conveyed "all [their] right, title and interest" to the real property known as 3 Wayne Court, Fort Salonga, New York, to the petitioners, Frederick and Kathleen Leonardo. This conveyance was accomplished by virtue of the delivery of a deed to the petitioners in return for their payment of $350,000, at a closing held on that day.

This deed was not recorded until August 6, 1986. In the interim between the delivery of the deed to the petitioners on July 29th and the recording of the deed on August 6th, the appellant Milton Siegal, doing business as Master Plan, a creditor of Mr. Osias, caused an ex parte order of attachment to be filed in the office of the Suffolk County Clerk. The petitioners then commenced the instant proceeding, *inter alia,* to have the order of attachment vacated.

The Supreme Court held that Mr. Siegal did not acquire a valid lien on the petitioners' property by virtue of the filing of the order of attachment, and that the property purportedly attached may not be applied to the satisfaction of the money judgment which was subsequently obtained by Mr. Siegal against Mr. Osias, and which was entered in the office of the County Clerk of Nassau County on December 22, 1986. We affirm.

By virtue of his conveyance of the subject real property to the petitioners on July 29, 1986, Drew Osias relinquished all legal interest in that property. No subsequent money judgment against Mr. Osias could have been enforced against that property (CPLR 5201 [b]) and, accordingly, that property was not subject to the provisional remedy of attachment in any subsequent action for a money judgment (CPLR 6202).

This result is not affected by the terms of New York's recording act (Real Property Law § 291 *et seq.).* Pursuant to that statute, the conveyance of the property on July 29, 1986 would have been void and ineffective as against any subsequent bona fide purchaser who recorded his deed prior to the recording of the petitioners' deed on August 6, 1986 *(see generally,* Real Property Law § 291; *Andy Assocs. v Bankers*

*Trust Co.,* 49 NY2d 13, 20; *Karp v Twenty-Three Thirty Ryer Corp.,* 55 NYS2d 856, *affd* 270 App Div 758; 49 NY Jur, Records and Recording Acts, §§ 61-62). However, it has been held that a judgment creditor is not considered a "purchaser in good faith" within the meaning of Real Property Law § 291 *(see, e.g., Savings & Loan Assn. v Berberich,* 24 AD2d 187, 188; *Blum v Krampner,* 28 NYS2d 62, 64, *affd* 261 App Div 989; *Suffolk County Fed. Sav. & Loan Assn. v Geiger,* 57 Misc 2d 184, 185-186). Therefore, even if the appellant had actually docketed his money judgment against Mr. Osias at the time that he filed the ex parte order of attachment, that is, after the transfer of title to the petitioners but before the recording of the petitioners' deed *(see,* CPLR 5203), he would still have been unable to execute upon the petitioners' property.

In short, the Supreme Court properly held that the appellant has no right, in law or in equity, to execute upon the petitioners' property in order to satisfy the judgment debt of the petitioners' predecessor in title. Bracken, J. P., Lawrence, Harwood and Balletta, JJ., concur.