■ EMIL LOCASCIO, Appellant, v MUTUAL OF OMAHA INSURANCE COMPANY, Respondent. [603 NYS2d 580] —In an action for a judgment declaring that the defendant must cover the plaintiff's daughter Vanessa G. under the plaintiff's medical insurance policy, the plaintiff appeals from an order of the Supreme Court, Westchester County (Donovan, J.), dated August 6, 1991, which denied his motion for summary judgment, granted the defendant's cross motion for summary judgment, and, *inter alia,* declared that the reference to birth date in the policy meant actual date of birth and not the date of an order of filiation.

Ordered that the order is affirmed, with costs.

On March 15, 1988, the defendant issued a hospital and medical insurance policy to the wife of the plaintiff, Denise Locascio, providing coverage for her and their daughter, Renee Locascio. In May 1988 Denise applied for and was issued

dependent coverage benefits for the plaintiff under the policy. Pursuant to Denise Locascio's request on January 28, 1991, the plaintiff was substituted for Denise Locascio as the primary insured under the policy.

By an order of the Family Court, Westchester County, dated January 9, 1991, and entered February 11, 1991, the plaintiff was declared to be the father of Vanessa G., a child born out of wedlock on March 18, 1988. Thereafter, the plaintiff applied to have Vanessa covered under the policy as a dependent. The application showed that Vanessa was "developmentally delayed" and was undergoing physical, occupational, and speech therapy.

The defendant denied the application based upon the fact that Vanessa was not a "newborn" and also based on her "substantial health history".

The plaintiff commenced this action against the defendant, seeking a judgment declaring that Vanessa should be automatically covered under the "Newborn Children" provision of the policy, which provided as follows: "2. Newborn Children: Your children born while this policy is in force will be insured automatically from birth until: (a) the 31st day following birth; or (b) the first day of the second month following birth, whichever is longer. A newborn's coverage may be continued, without evidence of insurability, if we receive your written request and premium before the period of automatic coverage is over. Benefits are payable for medically diagnosed congenital defects, birth abnormalities and premature birth during the period of automatic coverage; thereafter only if you exercise your right to continue the newborn's coverage without lapse. Benefits are not payable for routine nursing care of a newborn well baby following full-term or premature birth".

Subsequently, the plaintiff moved to preliminarily enjoin the defendant from denying dependent coverage benefits to Vanessa. The defendant opposed the motion. Thereafter, the parties agreed that the plaintiff's motion for a preliminary injunction be considered a motion for summary judgment, and that the defendant's affirmation in opposition be deemed a cross motion for summary judgment. The plaintiff appeals from an order which denied his motion and granted the cross motion.

We affirm. "Contracts of insurance, like other contracts, are to be construed according to the sense and meaning of the terms which the parties have used, and if they are clear and unambiguous the terms are to be taken and understood in

their plain, ordinary and proper sense" *(Johnson v Travelers Ins. Co.,* 269 NY 401, 408; *see also, Simon v Colonial States Brokerage Corp.,* 128 AD2d 603). Here, the "Newborn Children" provision is clear and unambiguous. Consequently, measurement of certain time periods from "birth" as required by that provision of the policy, clearly means from the date of birth of the child, not from the date of the issuance of an order of filiation. Sullivan, J. P., Lawrence, O'Brien and Santucci, JJ., concur.