■ MARCELINO KASSIANO et al., Appellants, v PALM MANAGEMENT CORPORATION et al., Respondents. [944 NYS2d 76]—Order, Supreme Court, Bronx County (Lucindo Suarez, J.), entered June 1, 2011, which, to the extent appealed from as limited by the briefs, denied plaintiffs' motion to vacate an order which, upon plaintiffs' default, granted defendants' motion for leave to amend their answer to assert a defense based on the exclusivity provisions of the Workers' Compensation Law and to dismiss the complaint based on that defense, unanimously affirmed, without costs.

A plaintiff seeking to vacate a default in responding to a motion to dismiss pursuant to CPLR 5015 (a) (1) must proffer both a reasonable excuse for the default and a meritorious cause of action (*see Brown v Suggs*, 38 AD3d 329, 330 [2007]). "Law office failure may constitute a reasonable excuse for a default" (*Goodwin v New York City Hous. Auth.*, 78 AD3d 550, 551 [2010]; *see* CPLR 2005).

However, on the merits, defendants' motion was supported by evidence showing that plaintiff Marcelino Kassiano was injured during the course of his employment by Palm West Corporation, that he actually received workers' compensation benefits, and that the other Palm defendants are part of a single integrated corporation for purposes of the Workers' Compensation Law (*see Carty v East 175th St. Hous. Dev. Fund Corp.*, 83 AD3d 529 [2011]; *Paulino v Lifecare Transp.*, 57 AD3d 319 [2008]). In support of their motion to vacate, plaintiffs offered no basis for finding that their claims are not barred by Workers' Compensation Law § 11. Concur—Mazzarelli, J.P., Saxe, Moskowitz, Renwick and Freedman, JJ.