■ ALYCE BARTOLOMEO et al., Appellants, v FIDELITY NATIONAL TITLE INSURANCE COMPANY OF NEW YORK et al., Respondents. [21 NYS3d 722]—

In an action to recover damages for breach of a title insurance policy, the plaintiffs appeal from a judgment of the Supreme Court, Putnam County (Nicolai, J.), dated May 27, 2011, which, after a nonjury trial, is in favor of the defendants and against them dismissing the complaint.

Ordered that the appeal by the plaintiff RJF Builders Corp. is dismissed as abandoned; and it is further,

Ordered that the judgment is affirmed insofar as reviewed; and it is further,

Ordered that one bill of costs is awarded to the defendants.

Title insurance insures the owner of, and other persons lawfully interested in, "real property and chattels real against loss by reason of defective titles and encumbrances and insur[es] the correctness of searches for all instruments, liens or charges affecting the title to such property" (Insurance Law § 1113 [a] [18]; *see Property Hackers, LLC v Stewart Tit. Ins. Co.*, 96 AD3d

818, 818-819 [2012]). Liability of the title insurer to its insured is essentially based on contract law and, as such, "is governed and limited by agreements, terms, conditions and provisions contained in the title insurance policy" (*Citibank v Commonwealth Land Tit. Ins. Co.*, 228 AD2d 635, 637 [1996] [internal quotation marks omitted]; *see Property Hackers, LLC v Stewart Tit. Ins. Co.*, 96 AD3d at 819; *Locascio v Mutual of Omaha Ins. Co.*, 198 AD2d 403, 404 [1993]).

Contrary to the contention of the plaintiff Alyce Bartolomeo, the personal representative of the estate of Frank Bartolomeo, the Supreme Court properly determined that Frank Bartolomeo breached a provision of the title insurance policy obligating him to obtain the consent of the insurer, the defendant Fidelity National Title Insurance Company of New York, before settling any claims, thereby barring his claim of coverage (*see Vigilant Ins. Co. v Bear Stearns Cos., Inc.*, 10 NY3d 170, 174-178 [2008]; *PB Ams. Inc. v Continental Cas. Co.*, 690 F Supp 2d 242, 249-250 [SD NY 2010]). In any event, the Supreme Court properly determined that the claim of coverage fell within one of the policy's exclusions (*see Property Hackers, LLC v Stewart Tit. Ins. Co.*, 96 AD3d at 819; *Fidelity Natl. Tit. Ins. Co. of N.Y. v Consumer Home Mtge.*, 272 AD2d 512 [2000]; *Inavest Enters. v TRW Tit. Ins. of N.Y.*, 189 AD2d 111, 113 [1993]). Accordingly, the Supreme Court properly dismissed the complaint.

Since the plaintiffs' brief raises no argument with respect to the appeal by the plaintiff RJF Builders Corp., the appeal by that plaintiff must be dismissed as abandoned (*see Seaway Capital Corp. v 500 Sterling Realty Corp.*, 94 AD3d 856, 857 [2012]; *Ellner v Schwed*, 48 AD3d 739, 740 [2008]). Rivera, J.P., Dickerson, Miller and Maltese, JJ., concur.