■ BLOCK 2829 REALTY CORP. et al., Appellants, v COMMUNITY PRESERVATION CORP. et al., Respondents. [50 NYS3d 61]—

Order, Supreme Court, New York County (Ellen M. Coin, J.), entered November 5, 2015, which denied plaintiffs' motion to vacate a prior order, same court and Justice, entered August 11, 2014, dismissing plaintiffs' claim for breach of fiduciary duty against defendant Community Preservation Corp. (CDC), on default, unanimously affirmed, without costs.

"A plaintiff seeking to vacate a default in responding to a motion to dismiss pursuant to CPLR 5015 (a) (1) must proffer both a reasonable excuse for the default and a meritorious cause of action" (*Kassiano v Palm Mgt. Corp.*, 95 AD3d 541, 541 [1st Dept 2012]). With regard to a claim for breach of fiduciary duty, as here, where the remedy sought is purely monetary in nature, courts construe the suit as alleging "injury to property" within the meaning of CPLR 214 (4), which has a three-year limitations period (*IDT Corp. v Morgan Stanley Dean Witter & Co.*, 12 NY3d 132, 139 [2009]). Moreover, "where an allegation of fraud is not essential to the cause of action pleaded except as an answer to an anticipated defense of Statute of Limitations, courts look for the reality, and the essence of the action and not its mere name" (*Kaufman v Cohen*, 307 AD2d 113, 119 [1st Dept 2003] [internal quotation marks omitted]). Plaintiffs' allegations of fraud, release and rescission against CDC, which were not asserted in their original claim for breach of fiduciary duty, but were asserted in the Halstead affidavit merely as a statute of limitations defense, do not alter the three-year statute of limitations.

Thus, the court properly denied plaintiffs' motion to vacate the prior order dismissing the complaint against defendant CDC, as plaintiffs did not have a meritorious cause of action, its sole claim being barred by the statute of limitations. Concur—Tom, J.P., Friedman, Mazzarelli, Kapnick and Kahn, JJ.