■ 44 LEXINGTON ASSOCIATES, LLC, et al., Appellants, v LIBERTY MUTUAL GROUP, INC., Also Known as LIBERTY MUTUAL INSURANCE COMPANY, Respondent, et al., Defendant. [51 NYS3d 871]—

Order, Supreme Court, New York County (Nancy M. Bannon, J.), entered May 11, 2016, which, inter alia, denied plaintiffs' motion to vacate their default resulting in dismissal of their action, unanimously affirmed, without costs. Appeal from order, same court and Justice, entered on or about August 18, 2016, which denied plaintiffs' motion for leave to reargue the May 11, 2016 order, unanimously dismissed, without costs, as taken from a nonappealable order.

Defendant Liberty Mutual agreed to fully defend plaintiffs in the underlying personal injury action subject to a reservation of rights on the issue of indemnification. Dissatisfied with that offer, plaintiffs brought a declaratory judgment action seeking a determination that Liberty Mutual was obligated to fully defend and indemnify them.

Liberty Mutual moved to dismiss the complaint, arguing that it was premature because the scope of plaintiffs' potential liability in the underlying action, and therefore the scope of Liberty Mutual's potential indemnity, had not yet been determined. Plaintiffs defaulted on responding to that motion, and the complaint was dismissed.

Plaintiffs moved to vacate the default, which the IAS court denied. We affirm. Plaintiffs state that law office failure was the reason for their default, which is a reasonable excuse. However, plaintiffs cannot demonstrate a meritorious cause of action (*Kassiano v Palm Mgt. Corp.*, 95 AD3d 541 [1st Dept 2012]). Liberty Mutual was well within its rights to offer plaintiffs a full defense of the underlying litigation subject to a reservation of rights pending the determination of plaintiffs' liability. Indeed, had Liberty Mutual failed to reserve its rights, it could have been equitably estopped from doing so in the future (*see Federated Dept. Stores, Inc. v Twin City Fire Ins. Co.*, 28 AD3d 32, 36 [1st Dept 2006]).

We dismiss plaintiffs' appeal from the denial of its motion for leave to reargue, since no appeal lies from such an order (*D'Alessandro v Carro*, 123 AD3d 1, 2 [1st Dept 2014]). The IAS court properly found that though denominated a motion for leave to reargue or renew, plaintiffs presented no basis for renewal. Concur—Sweeny, J.P., Richter, Andrias, Feinman and Kahn, JJ.