In an action, inter alia, for a judgment declaring that the defendant is obligated to provide coverage to and indemnify the plaintiff in an underlying action entitled United States of America ex rel. Carolyn Hinestroza v Ralex Services, Inc., doing business as “Glen Island Care Center for Nursing and Rehabilitation,“ commenced in the United States District Court for the Eastern District of New York under case No. 10-CV-0822, the plaintiff appeals from an order of the Supreme Court, Westchester County (O. Bellantoni, J.), dated October 5, 2015, which granted that branch of the defendant’s motion which was pursuant to CPLR 3211 (a) (1).
 

 Ordered that the order is affirmed, with costs, and the matter is remitted to the Supreme Court, Westchester County, for the entry of a judgment declaring that the defendant is not obligated to provide coverage to or indemnify the plaintiff in the underlying action.
 

 In August 2014, the plaintiff (hereinafter Ralex) entered into stipulations and orders of settlement in an underlying action whereby it agreed to pay $2.2 million plus interest in exchange for a release of all potential civil claims and penalties. In September 2014, Ralex informed the defendant, Southwest Marine & General Insurance Company (hereinafter Southwest), of the underlying action and requested coverage/ indemnification under an insurance policy issued by Southwest. The following month, Southwest disclaimed coverage and any obligation to defend or indemnify Ralex in connection with the underlying action as well as the resulting settlements. Ralex commenced this action, inter alia, for a judgment declaring that Southwest is obligated to provide coverage to and indemnify it in the underlying action. Southwest filed a pre-answer motion to dismiss pursuant to CPLR 3211 (a). The Supreme Court granted that branch of Southwest’s motion which was pursuant to CPLR 3211 (a) (1), and Ralex appeals.
 

 “A motion pursuant to CPLR 3211 (a) (1) to dismiss based on documentary evidence may be appropriately granted only where the documentary evidence utterly refutes the plaintiff’s factual allegations, thereby conclusively establishing a defense as a matter of law” (Sabre Real Estate Group, LLC v Ghazvini, 140 AD3d 724, 724 [2016] [internal quotation marks, brackets, and citation omitted]; see Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d 314, 326 [2002]; 25-01 Newkirk Ave., LLC v Everest Natl. Ins. Co., 127 AD3d 850, 851 [2015]). “The evidence submitted in support of such motion must be documentary or the motion must be denied” (Cives Corp. v George A. Fuller Co., Inc., 97 AD3d 713, 714 [2012] [internal quotation marks omitted]; see Attias v Costiera, 120 AD3d 1281, 1282 [2014]; Fontanetta v John Doe 1, 73 AD3d 78, 84 [2010]). “In order for evidence submitted in support of a CPLR 3211 (a) (1) motion to qualify as ‘documentary evidence,’ it must be ‘unambiguous, authentic, and undeniable’ ” (Attias v Costiera, 120 AD3d at 1282, quoting Granada Condominium III Assn. v Palomino, 78 AD3d 996, 996-997 [2010]; see Cives Corp. v George A. Fuller Co., Inc., 97 AD3d at 714). “[J]udicial records, as well as documents reflecting out-of-court transactions such as mortgages, deeds, contracts, and any other papers, the contents of which are ‘essentially undeniable,’ would qualify as ‘documentary evidence’ in the proper case” (Fontanetta v John Doe 1, 73 AD3d at 84-85; see Cives Corp. v George A. Fuller Co., Inc., 97 AD3d at 714), as would insurance policies (see Nisari v Ramjohn, 85 AD3d 987, 990 [2011]; GuideOne Specialty Ins. Co. v Admiral Ins. Co., 57 AD3d 611, 613 [2008]; Randazzo v Gerber Life Ins. Co., 3 AD3d 485, 486 [2004]).
 

 Here, the subject insurance policy Southwest issued to Ralex provided that “[n]o insured will, except at that insured’s own cost, voluntarily make a payment, assume any obligation, or incur any expense, other than for first aid, without [Southwest’s] consent.” Contrary to Ralex’s contention, this provision is not ambiguous. “Contracts of insurance, like other contracts, are to be construed according to the sense and meaning of the terms which the parties have used, and if they are clear and unambiguous the terms are to be taken and understood in their plain, ordinary and proper sense” (Johnson v Travelers Ins. Co., 269 NY 401, 408 [1936]; see Locascio v Mutual of Omaha Ins. Co., 198 AD2d 403, 404 [1993]).
 

 Moreover, “New York law views an insurer’s right to consent to any settlement as a condition precedent to coverage” (PB Ams. Inc. v Continental Cas. Co., 690 F Supp 2d 242, 249-250 [SD NY 2010]; see Vigilant Ins. Co. v Bear Stearns Cos., Inc., 10 NY3d 170, 177-178 [2008]; Bartolomeo v Fidelity Natl. Tit. Ins. Co. of N.Y., 134 AD3d 1063, 1064 [2015]). Here, the Supreme Court properly granted that branch of Southwest’s motion which was pursuant to CPLR 3211 (a) (1), since the documentary evidence it submitted showed that Ralex undertook its own defense in the underlying action, agreed to settle the underlying action, and incurred defense costs without first obtaining Southwest’s consent. By doing so, Ralex breached the insurance contract and is not entitled to coverage (see Indemnity Ins. Co. of N. Am. v St. Paul Mercury Ins. Co., 74 AD3d 21, 25 [2010]; Royal Zenith Corp. v New York Mar. Mgrs., 192 AD2d 390, 390 [1993]).
 

 In light of our determination, we need not reach the alternate bases asserted by Southwest for seeking dismissal of the complaint.
 

 Since this is, in part, a declaratory judgment action, we remit the matter to the Supreme Court, Westchester County, for the entry of a judgment, inter alia, declaring that Southwest is not obligated to provide coverage to, or indemnify Ralex in the underlying action (see Lanza v Wagner, 11 NY2d 317, 334 [1962]).
 

 Dillon, J.P., Chambers, Cohen and Iannacci, JJ., concur.