Karimian v Karlin (2019 NY Slip Op 05193)





Karimian v Karlin


2019 NY Slip Op 05193


Decided on June 27, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 27, 2019

Sweeny, J.P., Renwick, Webber, Oing, JJ.


9741 100914/17

[*1]Bijan Karimian, Plaintiff-Appellant,
v
Stewart L. Karlin, et al., Defendants-Respondents.


Bijan Karimian, appellant pro se.
Furman Kornfeld & Brennan LLP, New York (Aaron M. Barham of counsel), for respondents.



Order, Supreme Court, New York County (W. Franc Perry, J.), entered May 4, 2018, which denied plaintiff's motions to vacate a prior order, same court (Richard F. Braun, J.), entered on or about October 30, 2017, granting defendants' motion to dismiss the complaint, and to seal the court file, unanimously affirmed, without costs.
Plaintiff failed to demonstrate a reasonable excuse for his default in responding to defendants' motion to dismiss the complaint (CPLR 5015[a][1]; see Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co., 67 NY2d 138, 141 [1986]). His proffered excuse, namely, that he thought his deadline for opposing the motion had been postponed indefinitely pending the court's decision on his motion to seal the court file, is belied by the record. Plaintiff's opposition papers were due October 13, 2017, and plaintiff concedes that defendants had refused to consent to a further extension of that deadline. Nevertheless, plaintiff waited until October 13 to request an extension of time, in his order to show cause to seal the court file. The motion court struck that relief when it signed the order to show cause. The other events that plaintiff claims sowed confusion in his mind occurred after the deadline for filing opposition papers had passed. Plaintiff's status as a self-represented litigant does not alter this analysis (see Matter of Kent v Kent, 29 AD3d 123, 130-31 [1st Dept 2006]). Plaintiff recognized that his opposition papers would not be completed by the deadline, but, instead of submitting incomplete papers, he chose to rely on his optimistic belief that the court would grant his eleventh hour request for an extension of time.
We note that plaintiff also failed to demonstrate a meritorious defense to the motion to dismiss. He failed to show that his legal malpractice claims premised on defendants' representation of him in the United States District Court for the Southern District of New York were not time-barred (see McCoy v Feinman, 99 NY2d 295, 300, 306 [2002]). He failed to show that his breach of fiduciary duty claims were not time-barred (see Block 2829 Realty Corp. v Community Preserv. Corp., 148 AD3d 567 [1st Dept 2017]; Access Point Med., LLC v Mandell, 106 AD3d 40, 45 [1st Dept 2013]). Although his legal malpractice claims premised on defendants' representation of him in the United States Court of Appeals for the Second Circuit arguably were timely and not barred by collateral estoppel, plaintiff failed to show that defendants' alleged failures caused him to lose on that appeal (see Brooks v Lewin, 21 AD3d 731, 734 [1st Dept 2005], lv denied 6 NY3d 713 [2006]). Plaintiff's cause of action for "Concealment and Failure to Self Report" is not viable because "there is no private right of action against an attorney or law firm for violations of the Code of Professional Responsibility or disciplinary rules" (Weinberg v Sultan, 142 AD3d 767, 769 [1st Dept 2016]).
As plaintiff does not argue that his motion to seal should have been granted regardless of [*2]whether the court vacated the order that granted defendants' motion to dismiss, we do not disturb the court's denial of that motion.
We have considered plaintiff's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 27, 2019
CLERK