Matter of Santander Consumer USA, Inc. v Kobi Auto Collision & Paint Ctr., Inc. (2020 NY Slip Op 02697)





Matter of Santander Consumer USA, Inc. v Kobi Auto Collision & Paint Ctr., Inc.


2020 NY Slip Op 02697


Decided on May 7, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 7, 2020

529330

[*1]In the Matter of Santander Consumer USA, Inc., Respondent,
v
Kobi Auto Collision & Paint Center, Inc., Appellant, et al., Respondent.

Calendar Date: February 19, 2020

Before: Garry, P.J., Clark, Devine, Pritzker and Colangelo, JJ. 


Elana Sharara, Great Neck, for appellant.
Law Offices of Rudolph J. Meola, Albany (Rudolph J. Meola of counsel), for respondent.



Colangelo, J.
Appeal from an order of the Supreme Court (Weinstein, J.), entered April 5, 2019 in Albany County, which granted petitioner's motion to dismiss the counterclaims of respondent Kobi Auto Collision & Paint Center, Inc.
In May 2016, Andre Leger, the registered owner of a 2015 Nissan Pathfinder, entered the office of respondent Kobi Auto Collision & Paint Center, Inc. (hereinafter respondent) and advised respondent that his vehicle was damaged as a result of an accident. Leger requested that respondent tow the Nissan to its shop and repair the damage, and executed an authorization for that purpose. Leger's automobile insurance carrier, Geico, inspected the Nissan and issued an estimate of repair in the amount of $4,942.08 towards the end of May 2016. The third-party insurer, Hereford Insurance Company, also inspected the Nissan and issued an estimate of repair in the amount of $3,493.01 in early June 2016. Respondent repaired the Nissan and, in July 2016, notified Leger that the repairs to the Nissan were completed, it was ready for pick up and payment was due. In the interim, while the Nissan was being repaired, Leger had rented two cars from respondent, which were charged to respondent's accounts with Enterprise Rental Car and Millennium Toyota, at a total cost of $2,721.46.
In mid-July, Leger returned the second rental car to respondent and left the premises without picking up his repaired Nissan or paying for the repairs, towing charges or either rental car. Thereafter, Leger received a check from Hereford for the repairs to the Nissan and rental car charges, but never paid respondent for the repairs or the rental cars. Approximately two weeks later, A & E Liens, Inc., on behalf of respondent, filed a garagekeeper's lien against the Nissan — in which petitioner holds a perfected priority lien — in the amount of $11,880.62. Respondent's office manager notified petitioner that Leger refused to pay for, among other services provided by respondent, the repairs to the Nissan, and demanded that petitioner pay for the repairs, towing and rental costs and storage fees that were accruing daily. In August 2016, and again in October 2016, respondent's office manager provided photographs of the Nissan as well as the estimate of repairs and invoices of the car rentals to petitioner's replevin representatives, but respondent received no payment.
Petitioner, after being served with the notice of lien and sale in early October 2016, commenced this proceeding seeking, among other relief, a declaration that the garagekeeper's lien was void and return of the Nissan upon petitioner's posting of a bond for $15,000 as security for the purported garagekeeper's lien on the Nissan. Petitioner's challenge to the lien was based upon, among other things, respondent filing the lien against the Nissan, without prior court review, as petitioner holds the first priority perfected lien. Respondent failed to respond to the petition and, as a result, Supreme Court issued an order and judgment on default in early November 2016, granting the relief sought, which included canceling respondent's claims against petitioner for garaging, repairing and storing the Nissan, ordering that the Nissan shall be delivered to petitioner on demand, and releasing the bond. Pursuant to Supreme Court's order, respondent released the Nissan to petitioner in January 2017.
Thereafter, respondent unsuccessfully moved to vacate the default which motion, if granted, would have set aside the order directing the release of the vehicle and would have kept the lien in effect. This Court reversed, vacated the default and remitted the matter to Supreme Court (Matter of Santander Consumer USA, Inc. v Kobi Auto Collision & Paint Ctr., Inc., 166 AD3d at 1365, 1366 [2018]). Petitioner then filed an amended petition in December 2018 seeking, among other things, a determination that the garage lien was void. Respondent served an answer with counterclaims for unjust enrichment and quantum meruit, seeking $20,268.54 in damages. Petitioner moved to dismiss the counterclaims based on documentary evidence and for failure to state a cause of action (see CPLR 3211 [a] [1], [7]). Petitioner contended that respondent's counterclaims themselves constituted the requisite "documentary evidence" that the charges were incurred at the behest of Leger and not petitioner. Petitioner also maintained that respondent failed to allege that services were performed in reliance upon an existing relationship with petitioner and that, absent this showing, no cause of action for unjust enrichment or quantum meruit was stated.
Supreme Court granted petitioner's motion and dismissed both counterclaims for failure to state a cause of action, finding that the counterclaims failed to plead facts sufficient to establish the existence of a relationship between respondent and petitioner sufficient to cause respondent to rely on petitioner or be induced into performing the services and incurring the alleged damages. The court characterized petitioner as a "stranger to the transactions that transpired between Leger and [respondent]" and, as such, concluded that petitioner "cannot be held liable under the quasi-contract causes of action for quantum meruit and unjust enrichment." Respondent appeals. Because we find that Supreme Court court erred in dismissing the counterclaim for quantum meruit, we modify the order accordingly.
To prevail on the equitable theory of quantum meruit, "a party must prove (1) performance of services in good faith, (2) acceptance of the services by the person [or entity] for whom they were rendered, (3) an expectation of compensation, and (4) the reasonable value of the services performed" (Jaeger v Bellavia, 172 AD3d 1501, 1501-1502 [2019] [internal quotation marks and citation omitted]; see Grey's Woodworks, Inc. v Witte, 173 AD3d 1322, 1324 [2019]; Rafferty Sand & Gravel, LLC v Kalvaitas, 116 AD3d 1290, 1291-1292 [2014]). "On a motion to dismiss pursuant to CPLR 3211 (a) (7) for failure to state a claim, we must afford the complaint a liberal construction, accept the facts as alleged in the pleading as true, confer on the nonmoving party the benefit of every possible inference and determine whether the facts as alleged fit within any cognizable legal theory" (Graven v Children's Home R.T.F., Inc., 152 AD3d 1152, 1153 [2017] [internal quotation marks and citation omitted]; accord Meyer v Zucker, 160 AD3d 1243, 1245 [2018], lv denied 32 NY3d 905 [2018]; see Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d 314, 326 [2002]). Inasmuch as reliance is not required to be pleaded to avoid dismissal of a cause of action in quantum meruit (see Jaeger v Bellavia, 172 AD3d at 1501-1502), the absence of reliance, contrary to the determination of Supreme Court, does not provide the basis for dismissal under CPLR 3211 (a) (7).
With regard to petitioner's motion to dismiss the quantum meruit counterclaim on the ground that it is barred by documentary evidence (CPLR 3211 [a] [1]), such motion may only be granted where documentary evidence "utterly refutes [respondent]'s factual allegations, conclusively establishing a defense as a matter of law" (Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d at 326; see Leon v Martinez, 84 NY2d 83, 88 [1994]). Since the only documentary evidence relied upon by petitioner is the counterclaim itself, the motion to dismiss this counterclaim should have been denied. This counterclaim sufficiently pleads a cause of action for quantum meruit and, thus, petitioner cannot rely on that counterclaim to refute the factual allegations contained in the same counterclaim. Indeed, the allegations in the counterclaim for quantum meruit, which are accepted as true, establish that respondent acted in good faith and with the expectation of compensation in towing, repairing and storing the Nissan, and the counterclaim sets forth the reasonable value of services rendered that respondent failed to receive. Though the services were performed at Leger's request, petitioner accepted the services rendered by taking possession of the repaired Nissan and benefitted from those same services without paying for them.
We do find, however, that Supreme Court properly dismissed respondent's counterclaim for unjust enrichment. A claim for unjust enrichment "lies as a quasi-contract claim and contemplates an obligation imposed by equity to prevent injustice, in the absence of an actual agreement between the parties" (Belair Care Ctr., Inc. v Cool Insuring Agency, Inc., 168 AD3d 1162, 1165 [2019] [internal quotation marks and citation omitted]; see Catlyn & Derzee, Inc. v Amedore Land Devs., LLC, 166 AD3d 1137, 1139 [2018]). Unlike a claim sounding in quantum meruit, a cause of action for unjust enrichment requires a showing of reliance which, given the absence of a prior relationship between respondent and petitioner, was manifestly absent here (see Mandarin Trading Ltd. v Wildenstein, 16 NY3d 173, 182 [2011]; Doller v Prescott, 167 AD3d 1298, 1301 [2018]). Here, it is clear that respondent sought recompense from petitioner after the Nissan was towed and repaired and storage charges had accrued, but before petitioner took possession of the vehicle. In addition, there were no words or actions on petitioner's part prior to the repair of the Nissan or any evidence of an existing relationship between respondent and petitioner that could have caused reliance by respondent or supported a finding of inducement by petitioner sufficient to sustain a cause of action for unjust enrichment. Given that there were "no indicia of an enrichment that was unjust" and "the pleadings failed to indicate a relationship between the parties that could have caused reliance or inducement" (Mandarin Trading Ltd. v Wildenstein, 16 NY3d at 182), Supreme Court properly granted petitioner's motion to dismiss this counterclaim.
Garry, P.J., Clark, Devine and Pritzker, JJ., concur.
ORDERED that the order is modified, on the law, without costs, by reversing so much thereof as granted that part of petitioner's motion as dismissed the quantum meruit counterclaim of respondent Kobi Auto Collision & Paint Center, Inc.; said motion denied to that extent; and, as so modified, affirmed.