Financial Assistance, Inc. v Graham (2021 NY Slip Op 08168)





Financial Assistance, Inc. v Graham


2021 NY Slip Op 08168


Decided on February 24, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 24, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
SYLVIA O. HINDS-RADIX
ROBERT J. MILLER
LINDA CHRISTOPHER, JJ.


2019-05798
 (Index No. 506702/18)

[*1]Financial Assistance, Inc., etc., respondent,
v
Vilma Graham, etc., et al., defendants, 1247 M & F Management, LLC, et al., appellants.


Belowich & Walsh LLP, White Plains, NY (Joanna Sandolo of counsel), for appellants.
Jasne & Florio, LLP, White Plains, NY (Daniel F. Florio, Jr., and Diane L. Klein of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract and to set aside alleged fraudulent conveyances pursuant to Debtor and Creditor Law article 10, the defendants 1247 M & F Management, LLC, and Popular Bank appeal from an order of the Supreme Court, Kings County (Kathy J. King, J.), dated March 25, 2019. The order, insofar as appealed from, granted the plaintiff's motion pursuant to CPLR 5015(a)(1) to vacate an order of the same court dated September 19, 2018, granting the motion of the defendant 1247 M & F Management, LLC, pursuant to CPLR 3211(a), in effect, to dismiss the amended complaint insofar as asserted against it, upon the plaintiff's failure to appear at a calendar call on the motion, and denied the motion of the defendant Popular Bank pursuant to CPLR 3211(a) to dismiss the amended complaint insofar as asserted against it.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, the plaintiff's motion to vacate the order dated September 19, 2018, is denied, and the motion of the defendant Popular Bank pursuant to CPLR 3211(a) to dismiss the amended complaint insofar as asserted against it is granted.
The plaintiff, Financial Assistance, Inc., is the assignee of a judgment entered against a judgment debtor, Noel Graham, who formerly owned certain real property. Prior to the docketing of that judgment in 2009 (hereinafter the 2009 judgment), the judgment debtor conveyed the subject property to his daughter, the defendant Vilma Graham. In 2014, Vilma Graham conveyed the property to the defendant 1247-1253 Investors, LLC. In conjunction with that transaction, 1247-1253 Investors, LLC, gave a mortgage to Vilma Graham (hereinafter the 2014 mortgage). A rider to that mortgage provided, inter alia, that in the event that Vilma Graham failed to satisfy certain obligations related to the property, including the 2009 judgment, 1247-1253 Investors, LLC, "may" satisfy those obligations, and deduct from amounts owed to Vilma Graham the sums it paid to satisfy those obligations.
In 2016, 1247-1253 Investors, LLC, sold the property to the defendant 1247 M & F Management, LLC (hereinafter M & F). In conjunction with that transaction, Vilma Graham assigned [*2]the existing mortgage to the defendant Popular Bank. In addition, in conjunction with its purchase of the property, M & F gave four mortgages to Popular Bank, including a mortgage that secured a building loan.
The plaintiff commenced this action against Vilma Graham, 1247-1253 Investors, LLC, and the appellants, M & F and Popular Bank. The plaintiff seeks, inter alia, to enforce the 2009 judgment as against the appellants, and to set aside the conveyances of the property beginning with the conveyance from Noel Graham to Vilma Graham. The plaintiff also asserts causes of action to recover damages for breach of contract and for relief based on a theory of unjust enrichment, as against the appellants.
On or about June 5, 2018, M & F moved pursuant to CPLR 3211(a), in effect, to dismiss the amended complaint insofar as asserted against it. The plaintiff did not appear at a calendar call on that motion. By order dated September 19, 2018, the Supreme Court granted the motion upon the plaintiff's default. Subsequently, the plaintiff moved pursuant to CPLR 5015(a)(1) to vacate its default in failing to appear at the calendar call on the motion, and to restore the action to the calendar as against M & F.
On or about September 21, 2018, Popular Bank moved pursuant to CPLR 3211(a)(1), (5), and (7) to dismiss the amended complaint insofar as asserted against it.
By order dated March 25, 2019, the Supreme Court granted the plaintiff's motion pursuant to CPLR 5015(a)(1) to vacate its default in failing to appear at the calendar call on M & F's motion and, in effect, restored the action to the calendar as against M & F. In the same order, the court, inter alia, denied Popular Bank's motion to dismiss the amended complaint insofar as asserted against it.
In assessing a motion pursuant to CPLR 3211(a)(7) to dismiss a complaint, a court must "accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (Leon v Martinez, 84 NY2d 83, 87-88).
A motion to dismiss a complaint pursuant to CPLR 3211(a)(1) on the ground that a defense is founded on documentary evidence may be appropriately granted only where the documentary evidence utterly refutes the plaintiff's factual allegations, conclusively establishing a defense as a matter of law (see Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d 314, 326; Ralex Servs., Inc. v Southwest Mar. & Gen. Ins. Co., 155 AD3d 800, 801). In this context, "to be considered 'documentary,' evidence must be unambiguous and of undisputed authenticity" (Fontanetta v John Doe 1, 73 AD3d 78, 86; see Cives Corp. v George A. Fuller Co., Inc., 97 AD3d 713, 714).
Here, Popular Bank established its entitlement to dismissal of the amended complaint insofar as asserted against it. The documentary evidence submitted with Popular Bank's motion, including deeds and mortgages, are properly considered "documentary evidence" for purposes of the motion (Ralex Servs., Inc. v Southwest Mar. & Gen. Ins. Co., 155 AD3d at 802 [internal quotation marks omitted]; see Cives Corp. v George A. Fuller Co., Inc., 97 AD3d at 714). That documentary evidence showed that the 2009 judgment was not recorded until after the judgment debtor, Noel Graham, conveyed the property to Vilma Graham. Consequently, the 2009 judgment was not a valid lien on the subject property (see CPLR 5203[a]; Leonardo v Siegal, 150 AD2d 760, 760; Barringer v European Am. Bank & Trust Co., 138 AD2d 437, 438; see also Matter of Smith v Ralph Dinapoli Landscaping, Inc., 111 AD3d 841, 842; We Buy Now, LLC v Cadlerock Joint Venture, LP, 46 AD3d 549, 550).
Furthermore, contrary to the plaintiff's contention, it failed to, in effect, state a cause of action based on a theory that the appellants and/or their predecessors acquired their interests in the property subject to the 2009 judgment based on the language of the mortgage rider to the 2014 mortgage. The language of the mortgage rider did not specifically obligate either party to satisfy the [*3]judgment; rather, the rider merely allocated responsibility for that debt between the purchaser/mortgagor and the seller/mortgagee. Moreover, while two of the mortgages given by M & F to Popular Bank expressly provided that they were subordinate to the preceding mortgages, including the 2014 mortgage, contrary to the plaintiff's contention, the subordination clauses established only the priority of the mortgages (see generally Great Homes Group, LLC v GMAC Mtge., LLC, 180 AD3d 1013, 1014; JP Morgan Chase Bank, NA v Levin, 161 AD3d 966, 967).
Moreover, the recording of the 2014 mortgage and subsequent mortgages did not render enforceable the provision of the 2014 mortgage relating to repayment of the underlying judgment. "Article 9 of the Real Property Law provides that a properly recorded mortgage is superior to subsequently recorded mortgages" (Gletzer v Harris, 12 NY3d 468, 473; see Real Property Law §§ 290, 291). However, the recording of the subject mortgages did not, by itself, render enforceable the provision in the 2014 mortgage regarding repayment of a collateral debt owed by the former owner of the property (see generally Real Property Law §§ 290, 291).
Furthermore, Popular Bank showed that the fraudulent conveyance causes of action were time-barred, to the extent that those causes of action are asserted against it. Contrary to the plaintiff's contention, Popular Bank had standing to assert the statute of limitations as a defense to those causes of action (see Transland Assets, Inc. v Davis, 29 AD3d 679, 679; see also Menorah Home & Hosp. for Aged & Infirm v Jelks, 61 AD3d 648, 649-650). The plaintiff did not demonstrate that Popular Bank should be equitably estopped from asserting a defense based on the statute of limitations, as the plaintiff failed to allege any "affirmative wrongdoing, fraud, deception or misrepresentations which induced the plaintiff to refrain from filing a timely action" (Santo B. v Roman Catholic Archdiocese of N.Y., 51 AD3d 956, 958). The fraudulent conveyance causes of action were shown to be time-barred, as they were asserted more than six years after the allegedly fraudulent conveyance or the time that such alleged fraud was discovered or could have been discovered, with reasonable diligence (see CPLR 213[8]; Island Holding v O'Brien, 6 AD3d 498, 500). Further, the tolling provision set forth in General Obligations Law § 17-101 expressly applies only to contract actions, and is inapplicable to a fraud claim (see generally Nationstar Mtge. LLC v Dorsin, 180 AD3d 1054, 1056).
The plaintiff failed to state a viable breach of contract cause of action against Popular Bank. "A party asserting rights as a third-party beneficiary must allege: (1) the existence of a valid and binding contract between other parties, (2) that the contract was intended for its benefit, and (3) that the benefit to it is sufficiently immediate, rather than incidental, to indicate the assumption by the contracting parties of a duty to compensate it if the benefit is lost" (Board of Mgrs. of 100 Congress Condominium v SDS Congress, LLC, 152 AD3d 478, 480; see Nanomedicon, LLC v Research Found. of State Univ. of N.Y., 112 AD3d 594, 596). "'In determining third-party beneficiary status it is permissible for the court to look at the surrounding circumstances as well as the agreement'" (Aievoli v Farley, 223 AD2d 613, 614, quoting Trans-Orient Mar. Corp. v Star Trading & Mar., Inc., 925 F2d 566, 573 [2d Cir]). A party may be deemed an intended third-party beneficiary of a contract only "when it is . . . clear from the language of the contract that there was 'an intent to permit enforcement by the third party'" (Dormitory Auth. of the State of N.Y. v Samson Constr. Co., 30 NY3d 704, 710, quoting Fourth Ocean Putnam Corp. v Interstate Wrecking Co., 66 NY2d 38, 45; see Commissioner of the Dept. of Social Servs. v New York-Presbyt. Hosp., 164 AD3d 93, 98). The subject mortgage rider to the 2014 mortgage allocated responsibility for certain obligations between the purchaser/mortgagor and the seller/mortgagee. That rider did not expressly obligate either of those parties to pay the underlying judgment. Hence, the contract showed no indication of any intent to permit the enforcement thereof by any third party. Thus, the amended complaint fails to allege that the plaintiff was an intended third-party beneficiary of the agreement (see Nanomedicon, LLC v Research Found. of State Univ. of N.Y., 112 AD3d at 596-597; Superior Ice Rink, Inc. v Nescon Contr. Corp., 40 AD3d 963, 965; Parker & Waichman v Napoli, 29 AD3d 396, 398-399).
The amended complaint also fails to state a viable unjust enrichment cause of action, as against Popular Bank. "'The elements of a cause of action to recover for unjust enrichment are (1) the defendant was enriched, (2) at the plaintiff's expense, and (3) that it is against equity and [*4]good conscience to permit the defendant to retain what is sought to be recovered'" (Deerin v Ocean Rich Foods, LLC, 158 AD3d 603, 606, quoting Travelsavers Enters., Inc. v Analog Analytics, Inc., 149 AD3d 1003, 1006; see Bashian & Farber, LLP v Syms, 173 AD3d 659, 662). Privity is not required for an unjust enrichment cause of action (see Mandarin Trading Ltd. v Wildenstein, 16 NY3d 173, 182). At the same time, an unjust enrichment cause of action will not lie where the connection between the parties is too attenuated (see id. at 182). In addition, a "cause of action for unjust enrichment requires a showing of reliance" (Matter of Santander Consumer USA, Inc. v Kobi Auto Collision & Paint Ctr., Inc., 183 AD3d 984, 988) and is based on an "obligation imposed by equity to prevent injustice, in the absence of an actual agreement between the parties" (id. at 988 [internal quotation marks omitted]).
Here, the amended complaint fails to allege any relationship between the plaintiff and Popular Bank, and fails to allege the element of reliance (see Georgia Malone & Co., Inc. v Rieder, 19 NY3d 511, 517-518; Crescimanni v Trovato, 162 AD3d 849, 851). Therefore, Popular Bank was entitled to dismissal of the unjust enrichment cause of action insofar as asserted against it, pursuant to CPLR 3211(a)(7) (see Georgia Malone & Co., Inc. v Rieder, 19 NY3d at 517-518; Crescimanni v Trovato, 162 AD3d at 851).
The plaintiff failed to demonstrate that it was entitled to vacate its default in appearing at a calendar call for M & F's motion to dismiss the amended complaint insofar as asserted against it. To be relieved of the default in appearing at a calendar call for a motion, the plaintiff was required to demonstrate both a reasonable excuse for the default and a potentially meritorious cause of action (see CPLR 5015 [a] [1]; Siculan v Koukos, 74 AD3d 946, 947; Brownfield v Ferris, 49 AD3d 790, 791).
Even if the plaintiff demonstrated a reasonable excuse for its default, it failed to demonstrate a potentially meritorious cause of action against M & F. For purposes of the motion, M & F was similarly situated to Popular Bank. The plaintiff failed to state a potentially meritorious cause of action as against M & F to enforce a lien or other interest (see Leonardo v Siegal, 150 AD2d at 760; Barringer v European Am. Bank & Trust Co., 138 AD2d at 438; see also Matter of Smith v Ralph Dinapoli Landscaping, Inc., 111 AD3d at 842). Insofar as the plaintiff asserted a fraudulent conveyance cause of action against M & F, that cause of action was untimely (see CPLR 213[8]; Island Holding v O'Brien, 6 AD3d at 499-500). The plaintiff failed to demonstrate a potentially meritorious cause of action for breach of contract (see Nanomedicon, LLC v Research Found. of State Univ. of N.Y., 112 AD3d at 596-597; Parker & Waichman v Napoli, 29 AD3d at 398-399) or unjust enrichment (see Georgia Malone & Co., Inc. v Rieder, 19 NY3d at 517-518; Crescimanni v Trovato, 162 AD3d at 851) as against M & F. Consequently, the plaintiff did not set forth its entitlement to vacatur of its default (see Shah v Uh, 184 AD3d 696, 697; 44 Lexington Assoc., LLC v Liberty Mut. Group, Inc., 150 AD3d 463, 464).
DILLON, J.P., HINDS-RADIX, MILLER and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court