Ruffino v Serio (2022 NY Slip Op 03757)

Ruffino v Serio

2022 NY Slip Op 03757

Decided on June 8, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 8, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
ANGELA G. IANNACCI
CHERYL E. CHAMBERS
DEBORAH A. DOWLING, JJ.

2019-00843
 (Index No. 610495/18)

[*1]Angela Ruffino, appellant, 
v
Joseph Serio, defendant, Brenda J. Stitt, respondent.

Law Offices of Eyal Talassazan, P.C., Garden City, NY, for appellant.
A. Cohen Law Firm, P.C., Valley Stream, NY (Avinoam Cohen of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to set aside allegedly fraudulent conveyances pursuant to the Debtor and Creditor Law, the plaintiff appeals from an order of the Supreme Court, Nassau County (Julianne T. Capetola, J.), dated December 19, 2018. The order, insofar as appealed from, granted that branch of the motion of the defendant Brenda J. Stitt which was pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against her.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In April 2006, the plaintiff commenced an action for a divorce and ancillary relief against the defendant Joseph Serio. A judgment against Serio in the total sum of $286,850 was entered July 20, 2010, on his consent, in connection with their divorce (hereinafter the judgment).
In or around August 2018, the plaintiff commenced this action against Serio and the defendant Brenda J. Stitt. The plaintiff alleged that Serio had been a joint owner of certain real properties located in Nassau and Suffolk Counties, and that sometime between 2004 and 2006, he fraudulently transferred his ownership interest in the properties to Stitt, for the purpose of frustrating the plaintiff's collection of the judgment. Stitt moved, inter alia, pursuant to CPLR 3211(a)(1), (5), and (7) to dismiss the complaint insofar as asserted against her. In support, Stitt submitted the deeds of the three properties at issue, showing that she purchased them in 1995, 2003, and 2004, respectively, from the prior, third-party owners of each of the properties. In an order dated December 19, 2018, the Supreme Court granted that branch of Stitt's motion which was pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against her. The plaintiff appeals.
"A motion to dismiss a complaint pursuant to CPLR 3211(a)(1) on the ground that a defense is founded on documentary evidence may be appropriately granted only where the documentary evidence utterly refutes the plaintiff's factual allegations, conclusively establishing a defense as a matter of law" (Financial Assistance, Inc. v Graham, 191 AD3d 952, 954; see Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d 314, 326).
Here, the deeds submitted by Stitt established that the three properties at issue were [*2]not transferred by Serio to her, and that one of the properties was purchased long before the divorce action between Serio and the plaintiff was commenced. This documentary evidence utterly refuted the allegations of the complaint, establishing a defense as a matter of law (see Financial Assistance, Inc. v Graham, 191 AD3d at 954). Accordingly, the Supreme Court properly granted that branch of Stitt's motion which was pursuant to CPLR 3211(a) to dismiss the action insofar as asserted against her.
In light of our determination, we need not reach the plaintiff's remaining contentions.
BARROS, J.P., IANNACCI, CHAMBERS and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court