Thomson v Watchtower Bible (2025 NY Slip Op 07036)

Thomson v Watchtower Bible

2025 NY Slip Op 07036

Decided on December 17, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 17, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
VALERIE BRATHWAITE NELSON
BARRY E. WARHIT
LAURENCE L. LOVE, JJ.

2023-01515
 (Index No. 523464/21)

[*1]Andrew Thomson, appellant, 
v
Watchtower Bible and Tract Society of New York, Inc., respondent.

Andrew Thomson, New York, NY, appellant pro se.
Carolyn R. Wah, Patterson, NY (Crystal Matteson of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Kings County (Wayne P. Saitta, J.), dated January 10, 2023. The order granted the defendant's motion pursuant to CPLR 3211(a) to dismiss the second amended complaint.
ORDERED that the order is affirmed, with costs.
The plaintiff commenced this action to recover damages for breach of contract, breach of fiduciary duty, and fraud. The defendant moved pursuant to CPLR 3211(a) to dismiss the second amended complaint. In an order dated January 10, 2023, the Supreme Court granted, pursuant to CPLR 3211(a)(7), the defendant's motion. The plaintiff appeals.
"In considering a motion pursuant to CPLR 3211(a)(7) to dismiss a complaint for failure to state a cause of action, the court must afford the pleading a liberal construction, accept the facts as alleged in the pleading as true, accord the plaintiff the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (Bono v Stim & Warmuth, P.C., 215 AD3d 911, 911 [internal quotation marks omitted]; see Leon v Martinez, 84 NY2d 83, 87-88).
The second amended complaint alleged that the plaintiff was a third-party beneficiary to a purported contract between the defendant and an entity referred to as the New World Bible Translation Committee regarding a publication known as the "New World Translation of the Holy Scriptures." The first cause of action alleged that the defendant breached the purported contract, inter alia, by failing to specify that the New World Bible Translation Committee translated a 1984 edition of the publication, which was online, and by later modifying the translation.
A party asserting rights as a third-party beneficiary under a contract must establish "(1) the existence of a valid and binding contract between other parties, (2) that the contract was intended for [the third party's] benefit and (3) that the benefit to [the third party] is sufficiently immediate, rather than incidental, to indicate the assumption by the contracting parties of a duty to compensate [the third party] if the benefit is lost" (Burns Jackson Miller Summit & Spitzer v Lindner, 59 NY2d 314, 336; see Mendel v Henry Phipps Plaza W., Inc., 6 NY3d 783, 786). "[A]n intent to benefit the third party must be shown, and, absent such intent, the third party is merely an incidental beneficiary with no right to enforce the particular contracts" (Port Chester Elec. Constr. Corp. v Atlas, 40 NY2d 652, 655 [citations omitted]; see Dormitory Auth. of the State of N.Y. v Samson [*2]Constr. Co., 30 NY3d 704, 710). "Courts generally have recognized a third party's right to enforce a contract in two situations: when the third party is the only one who could recover for the breach of contract or when it is otherwise clear from the language of the contract that there was an intent to permit enforcement by the third party" (Merlino v Knudson, 214 AD3d 642, 644 [internal quotation marks omitted]; see Financial Assistance, Inc. v Graham, 191 AD3d 952, 956).
Here, the Supreme Court properly determined that the plaintiff's conclusory allegation that he was an intended beneficiary of the purported contract between the defendant and the New World Bible Translation Committee was insufficient to state a cause of action for breach of contract under a third-party beneficiary theory. The second amended complaint failed to allege that the plaintiff was the only party who could recover for breach of contract or that there was an intent in the contract to permit the plaintiff to enforce the contract (see Neurological Surgery, P.C. v Group Health Inc., 224 AD3d 697, 699; Merlino v Knudson, 214 AD3d at 645; Financial Assistance, Inc. v Graham, 191 AD3d at 956).
The Supreme Court also properly granted dismissal, pursuant to CPLR 3211(a)(7), of the cause of action alleging fraud. "The elements of a cause of action for fraud require a material misrepresentation of a fact, knowledge of its falsity, an intent to induce reliance, justifiable reliance by the plaintiff and damages. A claim rooted in fraud must be pleaded with the requisite particularity under CPLR 3016(b)" (Eurycleia Partners, LP v Seward & Kissel, LLP, 12 NY3d 553, 559 [citations omitted]; see Ross v Louise Wise Servs., Inc., 8 NY3d 478, 488). Here, the second amended complaint failed to set forth facts sufficient to permit a reasonable inference of fraud.
The Supreme Court also properly directed dismissal of the cause of action to recover damages for breach of fiduciary duty, as the second amended complaint did not allege facts that would give rise to a fiduciary or special relationship between the plaintiff and the defendant (see Neurological Surgery, P.C. v MLMIC Ins. Co., 208 AD3d 1238, 1240-1241).
DILLON, J.P., BRATHWAITE NELSON, WARHIT and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court